# Joseph Robinson et Ux., Plffs. in Err., *v.* Andrew J. Bair.

When a mother dies in the household of her daughter, it is the duty of the latter to provide a suitable burial for her.

In the absence of ability on the part of the daughter's husband to pay the reasonable expenses incident to the funeral, if the daughter contracts therefor she has the legal ability to bind herself to pay them. (Bair v. Robinson, 16 W. N. C. 57, reaffirmed.)

(Decided April 5, 1886.)

Error to the Common Pleas, No. 3, of Philadelphia County to review a judgment for plaintiff in an action of assumpsit. Affirmed.

A. J. Bair, the plaintiff, buried Mrs. McClay, the mother of one of the defendants, Mrs. Robinson, from the house in which she and her husband, as also Mrs. McClay, resided, and in which the latter died, and brought this suit to recover from Mrs. Robinson the amount of his bill for the funeral expenses, upon the ground that they were "necessaries" and that the debt was contracted for in her own name and on the credit of her separate estate, within the meaning and intent of the provisions of the act of April 11, 1848.

This court, when this case was before it on a prior occasion decided (16 W. N. C. 57) that funeral expenses were "neces-

NOTE.—This case was before the supreme court previously. See Bair v. Robinson, 108 Pa. 247, 56 Am. Rep. 198.

saries," and that Mrs. McClay was a member of defendant's family under the act of 1848; but left open for future adjudication the question as to whether Mrs. Robinson did contract the debt with the plaintiff. The jury found that she did so contract, and returned a verdict for plaintiff.

From the judgment entered thereon defendants brought error.

*Edward L. Perkins* for plaintiffs in error.

*Charles Henry Hart* for defendant in error.

PER CURIAM:

When this case was here before we held that, when a mother died in the household of her daughter, it was the duty of the latter to provide a suitable burial for her mother. In the absence of ability on the part of the husband of the daughter to pay the reasonable expenses attending the funeral, if the daughter contracted therefor she possessed the legal ability to bind herself, as for necessaries, to pay them.

The evidence is ample to submit to the jury to find that all the expenses now in contention were furnished at the express request and on the specific order of Mrs. Robinson.

We discover no error in the answers to the points, nor in the charge.

Judgment affirmed.