Harr, Secretary of Banking, *v.* Perkins, Appellant.

Argued April 10, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*R. Lawrence Coughlin,* for appellant.

*Roy B. Pope,* with him *E. F. McGovern,* for appellee.

OPINION BY MR. JUSTICE MAXEY, May 25, 1939:

This is an action in assumpsit based upon a judgment entered by Luther A. Harr, Secretary of Banking, Receiver of the Dime Bank Title & Trust Company of Wilkes-Barre, against Clement W. Perkins, the defendant, for the sum of $3,900. Upon application of defendant, the judgment was opened and he was let into a defense. Thereupon plaintiff filed a reply, thus joining issue, and by agreement of counsel the case was tried without a jury.

The trial judge found as facts that "on May 30, 1929, defendant endorsed, for accommodation, a note in the amount of $3,900, made by S. M. Wolfe, Jr., payable to Clement W. Perkins, and endorsed by the said Perkins, Stout-Raup, Inc., Ralph J. Stout and Ralph R. Raup, payable ten days after demand with interest payable every three months in advance"; that several payments on account of said note were made until it was reduced to $3,600; that on December 13, 1929, a note in the amount of $3,600 made by Earl W. Trick was taken in payment of the aforesaid note of May 30, 1929, by the Dime Bank Title & Trust Company; that the endorsers on the new note were the same as on the Wolfe note with the exception of the endorsement of defendant (the payee of the note made by Earl W. Trick is not disclosed by the record, but a renewal note was payable to Stout-Raup, Inc.) ; that on December 19, 1929, defendant delivered to the bank a letter in which he agreed that the Wolfe note endorsed by him and others, in the amount of $3,600, was to be held as additional collateral to the note signed by Trick, and it was further agreed that the endorsement of the defendant on the Wolfe note was "to remain in effect as a contingent liability . . . until such time as the . . . note of Earl W. Trick has been paid in full"; that the note made by the latter was due on February 28, 1930, and

was renewed from time to time up to and including September 11, 1931, without notice of the extension of time to the defendant and without his consent to such extension and that there is due and unpaid thereon $3,100 with interest from December 2, 1931.

Perkins testified that the Wolfe note was used by the maker to finance the purchase of stock in Stout-Raup, Inc., and that later on Trick bought this stock from Wolfe and financed the purchase price by giving his note to plaintiff.

The trial judge concluded as a matter of law that the defendant was not a surety for the payment of the Earl W. Trick note; that by depositing with the bank the Perkins note as collateral for the payment of the former note, defendant became a mere pledgor and the bank the pledgee; that defendant was not relieved of his liability upon the Perkins note by reason of the renewals, without his knowledge or consent, of the original Earl W. Trick note; that suit was brought within the statutory period on the Perkins note; that defendant is liable thereon for the unpaid portion of the Earl W. Trick note, to wit: $3,100, with interest from December 2, 1931; and that plaintiff is entitled to judgment against defendant for the above sum.

Defendant's exceptions to the findings of fact and the conclusions of law were dismissed by the court in banc. This appeal followed.

The fatal weakness in the case of the plaintiff is the fact that there was no consideration for the promise made by the defendant in his letter of December 19, 1929. There is nothing in the record showing that the letter in question was written to embody any understanding between the bank and Perkins at or before the note of Earl W. Trick was accepted by the bank on December 13, 1929. Apparently the first time Perkins was apprised of the acceptance of the note just mentioned was on December 19, 1929, which was six days after that acceptance and when, accordingly, the liabili-

ties on the note made on May 30, 1929, by Samuel Wolfe, Jr., payable to Clement W. Perkins, had terminated.

It is immaterial whether the letter of December 19, 1929, purported to give Perkins the status of a pledgor or the status of a surety; it was abortive for either purpose unless based on a consideration. In 12 R. C. L. there is laid down this incontestable proposition: "A contract of guaranty, like other contracts, is not enforceable unless based on a legal consideration, and such consideration is not found in a mere naked promise to pay the existing debt of another" (citing cases). If the promise made on December 19, 1929, had been contemporaneous with the principal obligation, an inference of consideration might justly be drawn, but, as already pointed out, the promise was made six days after the obligation evidenced by the new note arose.

Among the facts found by the court below is the following: "On December 13, 1929, a note made by Earl W. Trick, endorsed by Ralph R. Raup, Ralph J. Stout and Stout-Raup, Inc., was taken in payment of the aforesaid note on May 30, 1929, by the Dime Bank Title and Trust Company, said note being in the amount of $3,600."

If that note of December 13, 1929, was "taken in payment" of the note of May 30, 1929, the note so taken being one to which Perkins was not a party, it follows that the latter's obligation in respect to the earlier note was ended, and there were no factual grounds for the further finding of the court below that the transaction of December 13th "constituted the consideration for the agreement" of December 19th. This finding was based solely on conjecture. Since the letter of December 19th was written upon the stationery of the bank, it is a fair inference that the drafting of this letter and the securing of Perkins' signature to it was an "afterthought" on the part of the bank officials. It was in law a nullity; it brought no benefit to Perkins and it did not mislead the bank to its detriment, for the bank

had six days earlier "taken in payment" of the original note the new note of Earl W. Trick, endorsed by Ralph R. Raup, Ralph J. Stout and Stout-Raup, Inc., in the sum of $3,600. No proof supports, and the court's specific finding negatives, the contention of the appellee that "the entire transaction was still in a formative stage at the time the defendant executed the letter of December 19th." In the case of *Heffner v. First Nat'l Bank*, 311 Pa. 29, 166 A. 370, the pledge in question was deposited *at the time* the loan was made. Here what the court found to be Perkins' pledge was deposited six days *after* the loan was made. It being barren of consideration, no liability could be rooted in it.

The judgment of the court below is reversed and is here entered for the defendant.