## Commonwealth to use of Messer *v.* Mickelson, Appellant.

Argued September 18, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

■■■■■■

Before Dannehower, P. J.

■■■■■■

*George Gershenfeld,* for appellant.

*Thomas M. Garrity,* for appellees.

Opinion by Flood, J., November 16, 1961:

Defendant failed to keep up payments on an order for the support of his children entered against him in the Quarter Sessions Court of Montgomery County. On February 10, 1961, judgment was entered in the Common Pleas Court of Montgomery County for arrearages in the sum of $6850. The judgment was transferred to Philadelphia County and an attachment execution was issued naming three Philadelphia savings and loan associations as garnishees. The attachment referred to the defendant as "Carl Mickelson, a/k/a John C. Perry". There were accounts in each of the three associations in the name of John C. Perry. However, since this name did not appear in the caption of the case and was not the name of the defendant in the judgment, and no proof of identity was submitted to him, the Sheriff of Philadelphia refused to serve the attachment.

On the next day, at a hearing in Montgomery County, the defendant was asked upon cross-examination whether he used the name John C. Perry as an alias. He admitted that he did, and that this name was used,

among other things, to establish the savings accounts mentioned above. Immediately after the hearing he went to Philadelphia and removed his accounts from the three savings and loan associations, only minutes before the Sheriff of Philadelphia served the writ of attachment execution upon them. He withdrew the entire balance from each account, sums totalling $6,-811.93.

Four days later the use-plaintiff's attorney filed a rule under Pa. R. C. P. 3118 requesting that the defendant be directed to deliver the funds so withdrawn to the Sheriff of Montgomery County for execution. Upon a hearing on this rule the defendant admitted that the money had been deposited under an alias to avoid attachment by the plaintiff or others. He testified that he had disbursed the money to various creditors of his business corporation. When asked whether he could establish to whom it was disbursed and when, the defendant replied in the affirmative. However, he admitted that he had no evidence in court to corroborate his testimony that the most substantial payment, $6500, had been made to a certain advertising agency. He did not even testify that the alleged payments were made to creditors prior to the service upon him of the petition and rule to turn over the funds. The court directed him to turn the withdrawn funds over to the sheriff within twenty days or suffer the penalties of contempt. He failed to comply with this order, was arrested and placed in custody, and is now at liberty pending the outcome of this appeal.

The turnover order was made under the provisions of Pa. R. C. P. 3118(a)(5) and (6) which read:

"(a)   On petition of the plaintiff, after notice and hearing, the court in which a judgment has been entered may, before or after the issuance of a writ of execution, enter an order against any party or person . . .

(5)   directing that property of the defendant which has been removed from the county or concealed for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution; and

(6)   granting such other relief as may be deemed necessary and appropriate."

The defendant argues that he has not done anything that would bring Pa. R. C. P. 3118(5) into operation in that he has not removed any property from Montgomery County, where the judgment was entered, or concealed any property merely by taking it from his accounts and using it to pay business creditors and that Pa. R. C. P. 3118(6) is not applicable. Since we are of the opinion that he has concealed property within the meaning of the rule, we need not discuss the other points.

The defendant admittedly concealed these funds for the purpose of avoiding execution by the plaintiff by putting them in fictitious names. This succeeded to the extent that the sheriff refused to levy or to serve the attachment on the garnishee when proof could not be furnished that the depositor and the defendant were one and the same person. When proof became available to the plaintiff, by reason of the defendant's testimony, the defendant removed the money from the account before the plaintiff, although moving promptly, was able to have the sheriff serve the attachment. Neither the court nor the plaintiff knows where the money now is, and once again execution has been avoided.

Therefore, the funds which were concealed at the time of the first attempt at execution, were again in concealment at the time of the service of the attachment the next day. So far as the plaintiff and the court is concerned, they are still in concealment unless defendant's story as to their disposition is believed.

Although the defendant says that he has used the money in his business and therefore has not concealed

it, the hearing judge does not believe him, and says, in effect, that in view of the defendant's history of evasive action to avoid payment of the support order, it is not convinced that the money has been used as defendant said he has used it. In our opinion, the judge made the factual determination that the money was still concealed upon sufficient basis in the testimony. His direction that it be turned over was therefore fully warranted and upon the defendant's failure to turn over, the court properly punished the defendant by a contempt order.

Defendant's whole argument seems to be that since he testified that he paid creditors with this money, and that this was not contradicted by any witness, the court must believe it. This is not the law. If the circumstances are such that the court disbelieves him, and properly does so under the evidence, the mere fact that his own testimony is uncontradicted does not save him.

Order affirmed.