## Greater Valley Terminal Corporation *v.* Goodman, Appellant.

Argued November 20, 1961. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and Alpern, JJ.

reargument refused January 16, 1962.

*Samuel P. Lavine,* with him *Steinberg, Steinbrook, Lavine & Gorelick,* for appellant.

*Robert K. Greenfield,* with him *Allen J. Levin, Edward Greer,* and *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 2, 1962:

ABC Federal Oil & Burner Co. (ABC) owed substantial debts to Greater Valley Terminal Corporation (plaintiff) and P. J. Goodman (defendant) for unpaid oil deliveries. Plaintiff was exerting pressure upon ABC for payment and had refused to sell any more oil to that firm unless paid for on delivery and unless the past debt was liquidated.

Defendant recognized that if plaintiff proceeded to enforce collection of the debt owed plaintiff by ABC, ABC would not be able to pay and its credit position would be so endangered that it would be forced to discontinue operations. Consequently, numerous meetings were held by parties representing plaintiff, defendant and ABC. As a result of these meetings, ABC gave plaintiff its note for $325,306.92 payable in eight-

een weekly installments. Executed contemporaneously was defendant's signed statement written on the bottom of the note: "For value received, the undersigned hereby guarantees payment of the within Note." Defendant at the same time also delivered to plaintiff his personal financial statement indicating thereon that said statement was given by the defendant to induce plaintiff to accept defendant's guarantee of the note given by ABC to plaintiff. ABC defaulted in the terms and payment of the note and plaintiff brought this action on defendant's guarantee.

Since an inference of consideration may be drawn where surety is given contemporaneously with the principal obligation, the plaintiff could have properly rested its case after having proved, in addition to the principal agreement, defendant's contemporaneous endorsement and non-payment. *Harr, Sec'y of Banking v. Perkins,* 335 Pa. 186, 189, 6 A. 2d 534 (1939). Plaintiff in its complaint, however, unnecessarily pleaded more than is required to invoke the inference. The complaint averred the existence of an "undertaking" which constituted other consideration for the surety endorsement. The court below, therefore, over plaintiff's objection, permitted the introduction of parol testimony showing a different consideration than what had been alleged in the complaint and its complete failure. The jury, nevertheless, returned a verdict for plaintiff and the court below denied motions for new trial and judgment n.o.v.

Defendant claims on appeal that since plaintiff alleged other consideration, rather than taking advantage of the inference, plaintiff was bound to prove, and could rely on, only the consideration alleged, and waived his rights to rely on the inference.

Plaintiff, however, proceeded at trial, seemingly convinced that it had properly pleaded its case. It offered no witnesses in support of the consideration

allegation, but submitted its case on the pleadings, relying only on the inference of consideration.

While better practice would have required a motion to amend the complaint by striking the surplus allegations of consideration, the failure of the plaintiff to do so resulted in no harmful error. The defendant was permitted to introduce his defense relating to his version of the consideration. The jury rejected that contention and chose to adopt the legal inference which arises in situations where the surety endorsement is given contemporaneously with the principal agreement, and which is not dissipated by the allegation of additional facts.

We are next asked to consider whether statements made by plaintiff's president on oral pre-trial deposition constituted binding judicial admissions and whether his subsequent reversal of position at the trial constituted perjury invalidating any judgment rendered in favor of plaintiff. Plaintiff's president had stated in the deposition that the surety endorsement was conditioned on defendant's receiving ABC stock from plaintiff. Later, at trial, he changed his story completely and stated that there was no such qualification to the endorsement.

The statements in the depositions were properly admitted as admissions; but an admission is not conclusively binding as a judicial admission unless the testimony is clear and unequivocal, and is not binding where, as here, the witness's testimony is conflicting and inconsistent. *Jerominski v. Fowler, Dick & Walker,* 372 Pa. 291, 294, 93 A. 2d 433 (1953). Moreover, other evidence in the case, emanating solely from defendant's witnesses, was heavily disputed, and favored plaintiff's contention that there was no qualification to the surety endorsement.

The court below held that plaintiff's president, when called as on cross-examination, did not commit perjury

and that his testimony at the trial could have been interpreted by the jury as satisfactorily explaining away his prior statements. Where fact situations involve informal meetings, oral agreements, one attorney representing two different principals, and other relaxations of conventional legal relationships, there is bound to be much conflict in the testimony of all the principals, as occurred here. We are in full accord with the court below. Accordingly, the appeal from the refusal to enter judgment n.o.v. is denied. Nor were there any errors below which would constitute grounds for new trial.

Judgment affirmed.