Greater Valley Terminal Corporation *v.*
Goodman, Appellant.

Argued January 14, 1964.   Before BELL, C. J.,
COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

2

reargument refused July 24, 1964.

*Ronald H. Isenberg,* with him *Jay H. Eiseman,* and *Barba and Eiseman,* for garnishees, appellants.

*Martin J. Resnick,* with him *Howard I. Rubin, Martin Techner,* and *Techner, Rubin & Shapiro,* for garnishees, appellants.

*Richard M. Rosenbleeth,* with him *Steinberg, Richman, Price & Steinbrook,* for defendant, appellant.

*Robert K. Greenfield,* with him *M. Melvin Shralow, Edward Greer,* and *Folz, Bard, Kamsler, Goodis & Greenfield,* for Greater Valley Terminal Corporation, appellee.

OPINION BY MR. JUSTICE COHEN, July 1, 1964:

The issue on this appeal is whether alleged fraudulent transfers can be set aside in supplementary proceedings in aid of execution under Pa. R.C.P. 3118.

Appellee, Greater Valley Terminal Corporation, is a judgment-creditor of appellant Goodman.[1] A writ of execution upon property of Goodman in his possession and in the possession of appellants-garnishees was returned unsatisfied. Appellee thereafter filed a pe-

---

[1] The judgment was affirmed in a prior appeal (*Greater Valley Terminal Corporation v. Goodman,* 405 Pa. 605, 176 A. 2d 408 (1962)).

tition under Pa. R.C.P. 3118 in the court of common pleas for supplementary relief in aid of execution alleging, inter alia, fraudulent conveyances by Goodman to appellants-garnishees of the assets of Goodman's single proprietorship and certain stock certificates.

Appellants [2] filed preliminary objections challenging the court's authority to grant the relief requested, and questioning the sufficiency of the petition. The lower court held that full equitable relief was available to appellee under Rule 3118 and that the petition would be considered as a complaint in equity. However, the court sustained the preliminary objections on the ground that a more specific pleading was required. Appellee filed an amended petition and rule to show cause which was set down for hearing. Appellants again filed preliminary objections. After hearing, the court below overruled appellants' preliminary objections and set aside as fraudulent the conveyances of the above assets and stock certificates to appellants-garnishees. This appeal followed.

Rule 3118 states: "Rule 3118. *Supplementary Relief in Aid of Execution* (a) On petition of the plaintiff, after notice and hearing, the court in which a judgment has been entered may, before or after the issuance of a writ of execution, enter an order against any party or person (1) enjoining the negotiation, transfer, assignment or other disposition of any security, document of title, pawn ticket, instrument, mortgage, or document representing any property interest of the defendant subject to execution; (2) enjoining the transfer, removal, conveyance, assignment or other disposition of property of the defendant subject to execution; (3) directing the defendant or any other party or person to take such action as the court may direct to preserve collateral security for property of the de-

---

[2] "Appellants" in this opinion refers to Goodman and appellants-garnishees.

fendant levied upon or attached, or any security interest levied upon or attached; (4) directing the disclosure to the sheriff of the whereabouts of property of the defendant; (5) directing that property of the defendant which has been removed from the county or concealed for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution; and (6) granting such other relief as may be deemed necessary and appropriate. (b) The petition and notice of the hearing shall be served only within the Commonwealth in the manner provided by Rules 233(a)(1) and 233(a)(2) and (b). (c) Violation of the mandate or injunction of the court may be punished as a contempt."

Appellants contend, inter alia, that the court below improperly entertained the petition for turnover of assets because the above rule does not authorize an adjudication of title to property alleged to have been fraudulently conveyed. Appellee argues, on the other hand, that either paragraph five or paragraph six of the Rule provides for the relief granted by the court below. We agree with appellants.

The Uniform Fraudulent Conveyance Act[3] places no statutory limitations on the procedure to be used to enforce its provisions. Each state which has adopted the Act is free to devise its own enforcement procedures within constitutional limits. See *Schline v. Kline,* 301 Pa. 586, 591, 152 Atl. 845, 846 (1930). Thus, there can be no question of the power of this Court by procedural rule to devise new methods for enforcement under the Act. However, this power has not been exercised through the promulgation of Rule 3118.

In the first place the voiding of fraudulent transfers is a type of relief which is inconsistent with the specific provisions of Rule 3118, and is therefore not

---

[3] Act of May 21, 1921, P. L. 1045, 39 P.S. §§351-363.

authorized by the general language of paragraph six thereof. The Rule generally provides for injunctive relief, discovery and similar assistance to the judgment-creditor unavailable in ordinary execution proceedings. The first five paragraphs of the Rule enable the judgment-creditor to *preserve the status quo as to the judgment-debtor's property* by authorizing the court to enjoin transfers thereof, to direct disclosure to the sheriff of the whereabouts of such property, and to order delivery by the debtor to the sheriff of property which the debtor has concealed. On the other hand, proceedings brought to void a fraudulent transfer of necessity involve an adjudication of title to the property in question, and, if such a transfer is found to have taken place, a voiding of title in the transferee and a revesting of title in the debtor. This involves a change in the status quo which the first five paragraphs of Rule 3118 clearly do not contemplate. Only property the title to which is clearly in the judgment-debtor is subject to the terms of those paragraphs. The reference in each of the first five paragraphs to "property of the defendant" is clearly indicative of this intent. Hence, since the first five paragraphs of Rule 3118 do not envision the type of relief which necessitates the trial of title to property, the catchall statement in paragraph six, which must be read in conjunction with and as effectuating the same purpose as the other five paragraphs, cannot be read to provide for the relief granted by the court below.

In addition, paragraph five, dealing with concealed property, did not authorize the lower court's action. Concealed property, within the meaning of this paragraph, does not encompass fraudulently conveyed property. Paragraph five is intended to enable the judgment-creditor to compel delivery by the judgment-debtor to the sheriff of property which

the debtor has hidden to avoid execution thereon.[4] Again, there exists no question that the property concealed is that of the judgment-debtor. Thus, a fraudulent transfer cannot be voided under paragraph five.

Secondly, title to property cannot be properly adjudicated under the procedures contemplated by Rule 3118. The explanatory comment of the Rules Committee concerning Rule 3118 is as follows: "The plaintiff is also given the right to supplementary relief without the necessity of full dress equity proceedings." The Rule thus envisions something less than a full hearing prior to the granting of relief. The question arises—can the issue of an alleged fraudulent transfer, with which the lower court was faced, be properly determined under a rule which contemplates a proceeding of this nature? Although this is apparently a question of first impression in this Commonwealth, it is well settled in most of the jurisdictions which have considered the problem that a court cannot summarily determine conflicting rights or claims made in good faith to property in the possession of third persons in proceedings supplementary to execution. See, Annot. 40 A.L.R. 903, 908-909, and cases cited therein; 21 Am. Jur., Executions §676 (1939). In such cases the court will leave the parties to litigate their rights in a plenary action appropriate for this purpose. 21 Am. Jur., Executions, supra. Since to hold otherwise is to deprive defendants in such actions of the protection afforded by the safeguards of a full hearing, we are in complete accord with this general rule and therefore adopt it as the law of Pennsylvania.

In this Commonwealth the issue of title to property in the hands of third persons sought to be executed against is properly adjudicated in the follow-

---

[4] See *Commonwealth to use of Messer v. Michelson*, 196 Pa. Superior Ct. 464, 175 A. 2d 122 (1961).

ing proceedings: (1) An equity action under our Equity Rules brought by the judgment-creditor (or receiver in his behalf), involving a full hearing before a chancellor, the right to request a jury trial, and the right to file exceptions to the chancellor's findings and to have them adjudicated by the court en banc; (2) Garnishee proceedings in accordance with Pa. R.C.P. 3140 et seq., under which there is the right to a jury trial; (3) Proceedings under the Sheriff's Interpleader Act,[5] in which there is the right to a jury trial; (4) An action of ejectment, after the property in the hands of a third party has been levied upon and sold at sheriff's sale as though it were the property of the judgment-debtor, in which a full hearing is required. The first two of the above remedies, under the circumstances of the instant case, might have been used by appellee to adjudicate title to the property subject to the turnover order of the court below. The appellee cannot bypass these well established procedures, both of which require a full plenary proceeding and the attendant safeguards thereof, in favor of a rule which authorizes a hearing of a summary nature.

Although appellee argues that the proceedings below were similar to those in a "full dress" equity action, the apparent inability of appellants to either request a jury trial or file exceptions to the findings of the court below and have them determined by the court en banc, and the failure of the lower court to make findings of fact in support of its conclusions of law all indicate otherwise. But even if the proceedings below were conducted in a manner resembling a "full dress" equity proceeding, this would not cure the improper use of Rule 3118. In the absence of a waiver, a court cannot merely by ignoring the terms of a rule or statute and by following procedures not

---

5 Act of June 22, 1931, P. L. 883, 12 P.S. §§2358 et seq.

authorized therein, adjudicate issues which are not properly determined under the procedures authorized by that rule or statute. On the contrary, the Bench and the Bar must in all proceedings conform to the well-established procedures laid down by the legislature and this Court. The failure so to do can only lead to confusion in the administration of justice and deprivation of the rights of litigants in this Commonwealth.

If the courts of Pennsylvania are to have the power to adjudicate title to property in plenary proceedings supplementary to execution, either the legislature or our Rules of Court must specifically so provide. Rule 3118 authorizes summary proceedings in aid of execution for the purpose maintaining the status quo as to the judgment-debtor's property and it may be used only for that purpose. The order of the court below is reversed without prejudice to appellee to institute an appropriate action in which the rights of the parties may be fully and adequately determined.[6]

Order reversed.

Mr. Justice ROBERTS concurs in the result.

---

[6] Because of our disposition of this case, we do not consider the cross-appeal of Greater Valley Terminal Corporation questioning the failure of the court below to set aside the conveyance of a stock certificate to one of appellants-garnishees.