## Harry R. Defler Corporation v. Kleeman

*Butler, Beatty, Greer & Johnson* and *E. Barclay Cale, Jr.,* for plaintiff.

*Jack Brian,* for defendants.

LIPPINCOTT, J., July 6, 1967.—Plaintiff seeks an order in aid of execution under Pennsylvania Rule of Civil Procedure 3118(a) (5) or (6). The specific relief requested is an order compelling defendants to reclaim certain pledged collateral and turn it over to the sheriff for execution. The securities were pledged in Florida

prior to the entry of judgment against defendants either here or in New York.

The only judicial pronouncements on the applicable parts of the rule indicate that the purpose of the rule, including (a) (6) thereof, is to preserve the status quo in regard to defendant's property: Greater Valley Terminal Corp. v. Goodman, 415 Pa. 1; and that (a) (5) of the rule deals only with property concealed or removed from the jurisdiction in avoidance of execution: Kaleita v. Kaleita (No. 1), 36 D. & C. 2d 59. Admittedly, Kaleita is only dicta insofar as its connection of removal from the county and avoidance of execution is concerned. It is, however, the only judicial utterance on that point and is supported by an ordinary reading of the language involved.

We accept the interpretation of Pa. R. C. P. 3118(a) (5) provided by the Kaleita case: That plaintiff is entitled to an order "directing that property of the defendant which has been removed from the county . . . for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution" but not where it has *not* been proven that the removal actually *was* for the purpose of avoiding execution.

Since plaintiff did not prove that the pledge of collateral and its removal from the county was for the purpose of avoiding execution, it is not entitled to an order under Pa. R. C. P. 3118(a) (5).

Plaintiff having requested an opportunity to present additional testimony tending to prove its right to the requested relief, we hereby make the following:

ORDER

1. Plaintiff's petition for an order to compel defendants to reclaim certain pledged collateral and turn it over to the sheriff for execution is denied;

2. Plaintiff is granted leave, if it so desires, to list the matter for presentation of additional testimony in

support of the proposition that the pledge of collateral was in avoidance of execution.