**Stevenson Funeral Home v. Kraynok**

*William Joyce,* for plaintiff.
*Henry Sewinsky,* for defendant.

ACKER, J., June 2, 1971.—By a motion for judgment on the pleadings, this court is presented with the issue of whether the widow and next of kin of a decedent shall be required to pay a funeral bill of her husband. The facts giving rise to this action as contained in the pleadings are that plaintiff is a funeral director who conducted a funeral for defendant's husband. The latter became deceased on August

6, 1970. The following day, on August 7, 1970, defendant signed a "Schedule of Prices for Services Rendered." Therein a number of items and prices were listed, concluding with a total unit funeral charge of $3,127, the terms of which were cash within 30 days and interest at the rate of six percent per year. It is further provided that interest will be added 30 days after the date of invoice. The terms signed by defendant are, "The undersigned hereby approves the above statement of the account and guarantees payment for same." It is admitted that defendant requested plaintiff to arrange for the funeral of her husband, but she claims that at the time of the request she was not acting in her individual capacity but rather as the executrix of her husband's estate. In fact, she is administratrix of her husband's estate. Defendant does not contend that the services were not performed fully by plaintiff. Rather, defendant under new matter alleges that she signed as a "surety and guarantor for payment of funeral expenses."

I. *Has defendant entered into a legally binding contract as a principal?*

There can be no doubt that a wife may be bound by an express contract to pay the funeral bill of her husband.[1]

The use of the word "guarantee" in an agreement does not necessarily mean that payment is to be made only in the event that some other party does not pay first.[2] Rather, the instrument must be examined to

[1] In Robinson v. Bair, 2 Sadler 223, 2 Cent. 832, 18 W.N.C. 120, 3 At. 669 (1886), a wife who personally contracted was required to pay a funeral bill of a close relative.

[2] The popular meaning of guarantee as taken from Webster's New Collegiate Dictionary (1961) is, "An agreement by which one person guarantees something held, enjoyed, etc. by another . . . To undertake, to answer for the debt, default, miscarriage or non-

determine the exact language used and the purpose sought to be obtained by its execution. As in Cunningham's Estate, 328 Pa. 107, 195 Atl. 130 (1937), at page 114, "The use in the agreement in the present case of the term 'guarantee' imported a primary obligation on the part of the trustee, not a secondary one, as the word is customarily used. This is apparent from the nature and context of the entire agreement and from the duty which the trustee assumed to invest and reinvest the aggregate corpus of the estate."

If defendant was to act as a guarantor in this case, the question might well be asked who or what is primarily liable. No estate had been set up at the time of the execution of this agreement. On October 15, 1970, letters of administration were issued to defendant by the register of wills of our county. In the application, the present defendant, Julia Kraynok, stated that there was no real estate and no personal property. A nominal bond was given. Since the granting of the letters there has been no inventory or any account, nor any further action in the estate.

Ordinarily, when a funeral director deals with a personal representative, he may hold that representative liable for the amount of the bill and the responsibility of the reasonableness of the charges is transferred to the personal representative who must satisfy the parties interested in the case: Ennis's Estate, 76 Pa. Superior Ct. 292 (1921). However, if the funeral director contracts with one not having lawful authority to contract for the estate, the law implies a con-

---

fulfillment of." Although many definitions of guarantee appear in Bouvier's Law Dictionary, the first definition there stated is frequently taken as the correct meaning, "An undertaking to answer for another's liability, and collateral thereto. A collateral undertaking to pay the debt of another in case he does not pay it."

tract on behalf of the personal representative only to the extent of a funeral suitable to decedent's station in life and not disproportionate to the size of the estate: France's Estate, 75 Pa. 220 (1874). The estate of a decedent is primarily liable for the expenses of the funeral of decedent on the claim of a funeral director or on the claim of another person who has paid the bill, such as a widow: France's Estate, supra. If someone other than the executor makes the selection of the place or the person by whom the funeral shall be conducted, the executor's duty is primarily that of the payment of the expense of the funeral: Hodge v. Cameron, 132 Pa. Superior Ct. 1, 200 Atl. 238 (1938).

We agree with the general proposition that a widow of a decedent should not be obligated to personally pay for her husband's estate if the estate is, in fact, solvent: James Estate, 80 Montg. 43 (1961).

We believe that the language of the agreement by the use of the word "guarantee" is sufficient to hold defendant personally responsible if the estate is insolvent.

Defendant apparently was not certain as to her position in signing to "guarantee" the account, for in her answer she alleges that she signed as a "surety and guarantor." By the Act of July 24, 1913, P.L. 971, sec. 1, 8 PS §1, a person signing as a guarantor is held to be liable as a surety if the agreement does not contain substantially these words, "This is not intended to be a contract of suretyship," or these words, "This portion of the agreement is not intended to impose the liability of suretyship."

In Tide Water Oil Company v. Rife, 56 Lancaster 210 (1958), by the use of this statute, a wife who signed an agreement of guaranty in which she stated that she would guarantee payment of the debts of her husband was held liable as a surety and, therefore, principally liable.

In Waber's Estate, 317 Pa. 497, 177 Atl. 51 (1935), the agreement read, page 499: ". . . David and Louis Waber are guarantors only." Despite this language by the use of the statute they were held primarily responsible, as sureties. They did so, however, upon the principal's failure and subsequent inability to perform.

Therefore, we believe accepting the application for letters of administration and the failure to file a statement of debts and deductions in an account for over a year as establishing that there is, in fact, no real or personal estate, whether defendant is held personally liable upon the contract or as a surety is immaterial. In either event, if there is consideration for the services rendered, the contract is binding.

II. *Is there sufficient consideration to be a binding contract?*

Restatement of Contracts, §75, which has been accepted in Pennsylvania, defines consideration as an act other than a promise or a forebearance or the creation, modification or destruction of a legal relation or a return promise, bargained for and given in exchange for the promise.[3]

In the interpretation of the contract as an express agreement, it is, of course, obvious that the consideration was the rendering of the funeral services and burial of decedent. If it is construed as a surety agreement, an inference of consideration is established merely by the showing of the agreement: Greater Valley Terminal Corporation v. Goodman 405 Pa. 605, 176 A. 2d 408 (1962). However, this case falls specifically within Restatement of Contracts, sec. 75, illustration no. 5, on page 83: "A promises B to

---

[3] Union Trust Co. v. Long, 309 Pa. 470, 164 Atl. 346 (1932), at page 475; Goldstein Estate, 384 Pa. 1, 119 A.2d 278 (1956).

guarantee payment of a bill of goods if B sells the goods to C. Selling the goods to C is consideration for A's promise."

Volkwein v. Volkwein, 146 Pa. Superior Ct. 265, 22 A. 2d 81 (1941), is readily distinguishable on its facts. There, the widow, after the funeral had been contracted for, stated in the presence of several relatives that she would pay the funeral bill out of certain moneys coming to her. This was held to be without consideration. The funeral services would have been performed regardless of her statement. The case is, therefore, inapposite.

This court is of the opinion that defendant is bound by her agreement, having entered into a contract for the payment of the services. In addition, the estate being insolvent, defendant is liable as a surety in any event.

Wherefore, plaintiff's motion for judgment on the pleadings is granted.

### ORDER

And now, June 2, 1971, plaintiff's motion for judgment on the pleadings is granted.