386 A.2d 33

**Lillian D. CHADWIN, Appellee,**

v.

**Morton L. KROUSE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 28, 1976.

Decided April 28, 1978.

446

448

Jay H. Rosenfeld, Philadelphia, and Rosenfeld & Weinrott, Philadelphia, for appellant.

Sheridan P. Hunt, Jr., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

█ This appeal is taken from the lower court's order of October 7, 1975 directing appellant to deliver to the Sheriff of Philadelphia County all stock certificates evidencing his ownership of Krouse-Forman Oldsmobile, Inc. of Cherry Hill, New Jersey. The lower court judge predicated this

order upon Pa.R.C.P. 3118, which provides for supplementary relief in aid of execution. Because we agree that the lower court abused its discretion in ordering appellant to deliver to the Sheriff the stock certificates representing appellant's original 50% ownership, which had a New Jersey situs prior to the institution of the instant proceedings, we reverse in part and affirm in part.

Appellee Chadwin filed a Complaint in Confession of Judgment on November 1, 1972 to recover the sum of $25,134. This included the $15,000 principal amount of a note executed by appellant in July, 1961 plus interest at 6% per annum. A judgment was entered in her favor and more than two years later, on December 5, 1974, appellee filed a Petition for Supplementary Relief in Aid of Execution as authorized by Pa.R.C.P. 3118.[1]

On January 20, 1975, the lower court, upon stipulation of the parties, entered an order enjoining appellant from, inter alia, "selling, transferring, assigning or otherwise negotiating any of the issued and outstanding shares of capital stock of Krouse-Forman Oldsmobiles, Inc. . . ." Record at 28a. Also on January 20th, appellant filed a petition to

---

1. Rule 3118 provides in part:
 (a) On petition of the plaintiff, after notice and hearing, the court in which a judgment has been entered may, before or after the issuance of a writ of execution, enter an order against any party or person
 (1) enjoining the negotiation, transfer, assignment or other disposition of any security, document of title, pawn ticket, instrument, mortgage, or document representing any property interest of the defendant subject to execution;
 (2) enjoining the transfer, removal, conveyance, assignment or other disposition of property of the defendant subject to execution;
 (3) directing the defendant or any other party or person to take such action as the court may direct to preserve collateral security for property of the defendant levied upon or attached;
 (4) directing the disclosure to the sheriff of the whereabouts of property of the defendant;
 (5) directing that property of the defendant which has been removed from the county or concealed for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution; and
 (6) granting such other relief as may be deemed necessary and appropriate.

strike appellee's Rule 3118 petition; the lower court denied the petition to strike on February 3, 1975. Thereafter, on May 19, 1975, Appellant Krouse filed a petition to open, strike or satisfy appellee's underlying confessed judgment, which petition was denied on August 14, 1975.

The only order from which Krouse has appealed is that entered on October 7, 1975 requiring him to transfer to the Sheriff of Philadelphia County all stock certificates representing his ownership of Krouse-Forman Oldsmobile. Appellant Krouse's stock in the Oldsmobile dealership must be divided into two categories for purposes of analysis—that acquired prior to the institution of the instant Rule 3118 proceedings and that purchased by appellant subsequent to the entry of the order on January 20, 1975 granting appellee's petition for supplementary relief in aid of execution. Prior to that date Krouse owned only 50% of the stock of the corporation; there is no evidence in the record to contradict appellant's assertion that the certificates representing his original 50% ownership were at all relevant times located in New Jersey. In the fall of 1975, however, he purchased the remaining 50% of the corporation's stock from his partner and received delivery of the certificates in Philadelphia. A short time later, the certificates representing the recently acquired stock were transferred to New Jersey. The lower court held that there was sufficient justification for finding that "the [newly acquired] stock certificates had been removed from the jurisdiction or concealed for the purpose of avoiding execution. . . ." Record at 116a.

 We agree with the judge below that an order could properly be entered pursuant to Pa.R.C.P. 3118(a)(5) directing that the latter stock certificates be returned to Pennsylvania and be made available for execution; they were purchased and removed from the Commonwealth well after the January 20, 1975 injunction was issued. This action was clearly in violation of the January 20th order which sought to preserve the assets of Krouse-Forman Oldsmobile, as well as any stock certificates held by Krouse. As in *Commonwealth to use of Messer v. Mickelson,* 196 Pa.Super. 464, 175

A.2d 122 (1961), appellant's conduct with respect to the newly purchased stock could, in the discretion of the lower court, be found to be part of a history of evasive action designed to avoid satisfaction of the judgment obtained by his creditor. Rule 3118(a)(5) is a vehicle for preserving the status quo pending execution and "is intended to enable the judgment creditor to compel delivery by the judgment debtor to the sheriff of property which the debtor has hidden to avoid execution thereon." *Greater Valley Terminal Corp. v. Goodman,* 415 Pa. 1, 6, 202 A.2d 89, 93 (1964).

▮ We do not believe, however, that the *summary* proceedings in aid of execution provided by Rule 3118 were intended to allow an order compelling a judgment debtor to bring property into the state when there is no evidence that it has ever had a Pennsylvania situs—i. e., without proof that it was removed from the court's jurisdiction with the intent to prevent execution. "Rule 3118 authorizes summary proceedings in aid of execution *for the purpose of maintaining the status quo* as to the judgment debtor's property and *it may be used only for that purpose.*" *Greater Valley Terminal Corp. v. Goodman,* 415 Pa. 1, 8, 202 A.2d 89, 94 (1964) (emphasis added).

▮ While paragraph (a)(5) is of no avail to a judgment creditor who seeks to execute on stock certificates legitimately located outside the court's jurisdiction, appellee contends that paragraph (a)(6), Pa.R.C.P. 3118(a)(6), may be used to compel their delivery to a sheriff within the Commonwealth. Paragraph (a)(6) contains a "catch-all" provision which authorizes the court to grant "such other relief as may be deemed necessary and appropriate." Pa.R.C.P. 3118(a)(6). The question then becomes whether an order such as that entered in this case is "necessary and appropriate." [2]

2. Paragraph (a)(5), *see* note 1, *supra,* permits the entry of an order directing the defendant to deliver property to the sheriff only when it has either been concealed or removed from the county for the purpose of avoiding execution. The limited scope of paragraph (a)(5) would seem to preclude any intent to compel, under the "catch-all"

█ It is of course true that when, as here, a court of equity acts in personam, it is not restricted by geographical boundary lines and it may enter any appropriate decree acting directly on the person even though the subject matter affected is outside its jurisdiction.[3] *Garnet Valley School District v. Hanlon,* 15 Pa.Cmwlth. 476, 481, 327 A.2d 215, 218 (1974). It may then be said to be exercising quasi in rem jurisdiction to compel an equitable result as between two parties which are before it. *See, e.g., Simpson v. Simpson,* 404 Pa. 247, 172 A.2d 168 (1961); *Drummond v. Drummond,* 402 Pa. 534, 167 A.2d 287 (1961); *Cohn v. Weiss,* 356 Pa. 78, 51 A.2d 740 (1947).

█ As the comment to Rule 3118 indicates, the value of proceedings in aid of execution is that they provide a speedy means for the judgment creditor to obtain satisfaction of his judgment without resort to "full dress equity proceedings."[4] It is the streamlined nature of a Rule 3118 proceeding, however, which militates against its use for any purpose other than to maintain the status quo with respect to the debtor's assets. A "full dress equity proceeding" must be employed when a creditor seeks, not the maintenance of the status quo, but a mandatory injunction requiring securities with a foreign situs to be brought into the Commonwealth.[5] The protections afforded by our Equity

provisions of paragraph (a)(6), a similar result with respect to property which has not been removed to avoid execution. "[T]he catchall statement in paragraph six . . . must be read in conjunction with and as effectuating the same purpose as the other five paragraphs . . . ." *Greater Valley Terminal Corp. v. Goodman,* 415 Pa. 1, 5, 202 A.2d 89, 92–93 (1964).

**3.** The foreign attachment cases cited by appellant for the proposition that the lower court had no jurisdiction over his stock located in New Jersey are inapposite. Both *Mills v. Jacobs,* 333 Pa. 231, 4 A.2d 152 (1939), and *Nederlandsche Handel-Maatschappij, N.B. v. Sentry Corp.,* 163 F.Supp. 800 (E.D.Pa.1958), were in rem proceedings.

**4.** "The Rule . . . envisions something less than a full hearing prior to the granting of relief." *Greater Valley Terminal Corp. v. Goodman,* 415 Pa. 1, 6, 202 A.2d 89, 93 (1964).

**5.** Paragraphs (a)(3), (a)(4) and (a)(5) of Rule 3118 are the only paragraphs permitting the court to order relief in the nature of a

Rules—a full hearing before a chancellor, the right to request a jury trial,[6] and the right to file exceptions to the chancellor's findings and have them adjudicated by the court en banc—must be made available to defendants who find themselves in appellant's situation. *Cf., Greater Valley Terminal Corp. v. Goodman,* 415 Pa. 1, 7, 202 A.2d 89, 93 (1964).

We hold, therefore, that although a "full dress equity proceeding" could possibly be used to obtain the result reached in this case, the summary relief in aid of execution provided in Rule 3118 may not go beyond that necessary to maintain the status quo at the time the proceedings were initiated. We must, as a result, reverse that part of the lower court's order directing appellant to make available to the Sheriff of Philadelphia County the certificates representing his original 50% interest in Krouse-Forman Oldsmobile, Inc. The order directing the delivery to the Sheriff of the newly acquired shares removed from Pennsylvania after the issuance of the injunction is affirmed. The order directing appellant to make available to the Sheriff of Philadelphia County the certificates representing his original 50% interest in Krouse-Forman Oldsmobile, Inc., is reversed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, J., concurs in the result.

mandatory injunction. Paragraph (a)(3) permits an order to be issued directing the defendant to preserve that of his property subject to execution. Paragraph (a)(4) authorizes the court to compel disclosure to the sheriff of the location of the defendant's property and paragraph (a)(5), as previously discussed, comes into play only when the defendant has removed property from the jurisdiction for the purpose of avoiding execution. Even these paragraphs are directed, however, towards maintaining the status quo or facilitating execution upon property already subject to the court's jurisdiction. They certainly do not involve an intrusion upon the defendant's property rights as great as that entailed in directing appellant to bring out-of-state stock certificates into Pennsylvania.

**6.** Pennsylvania Rule of Civil Procedure 1513 permits a court of equity, upon its own motion or upon the petition of any party, to submit any or all issues of fact to a jury. Pa.R.C.P. 1513.