## National Recovery Systems v. Pinto

*Melvin Rubin,* for plaintiff.
*Bernard J. Avellino,* for defendant.

RUFE, *J.,* January 26, 1981—On October 9, 1980 we dismissed plaintiff's motion for a rule absolute on its petition for relief in aid of execution for failure to comply with the provisions of Pa.R.C.P. 3118. Plaintiff has appealed our decision to the Superior Court. Hence, this opinion.

On March 14, 1979 National Recovery Systems (hereinafter plaintiff) filed a complaint in assumpsit against Vincent Pinto (hereinafter defendant) in order to collect a debt owed by defendant to plaintiff as the result of an assignment of the debt to plaintiff. The complaint was duly served on March 20, 1979, but defendant did not respond. Subsequently, on August 10, 1979, a default judgment was entered against defendant in favor of plaintiff.

On January 3, 1980 plaintiff filed a praecipe for a writ of execution against defendant, with Continental Bank and the Philadelphia Savings Fund Society named as garnishees. The prothonotary entered the writ for the amount of $5,775 with $63.75 costs. Subsequently, a writ of execution was entered against defendant with John Hancock Mutual Life Insurance Company as garnishee in the amount of $5,775 with $75.25 costs on March 25, 1980.

On January 29, 1980 defendant filed a petition to open the judgment. Plaintiff filed an answer to the petition and defendant failed to take any further steps whatsoever regarding his petition.

Finally, on April 21, 1980 plaintiff filed for relief in aid of execution pursuant to Pa.R.C.P. 3118 and attached to the petition a rule to show cause why the petition should not be granted. The rule was made returnable on May 19, 1980 and defendant made no response, even after notice to defendant's counsel on May 2, 1980. However, on October 9, 1980 the court dismissed plaintiff's motion to make the rule absolute for failure to comply with Pa.R.C.P. 3118. Plaintiff has appealed from this decision.

Pa.R.C.P. 3118(a) gives the court broad discretion to provide relief in aid of execution. Specifically, the rule provides, inter alia:

"(a) On petition of the plaintiff, after notice and hearing, the court in which a judgment has been entered may, before or after the issuance of a writ of execution, enter an order against any party or person

"(1) enjoining the negotiation, transfer, assignment or other disposition of any security, document of title, pawn ticket, instrument, mortgage, or document representing any property interest of the defendant subject to execution;

"(2) enjoining the transfer, removal, conveyance, assignment or other disposition of property of the defendant subject to execution;

"(3) directing the defendant or any other party or person to take such action as the court may direct to preserve collateral security for property of the defendant levied upon or attached, or any security interest levied upon or attached;

"(4) directing the disclosure to the sheriff of the whereabouts of property of the defendant;

"(5) directing that property of the defendant which has been removed from the county or concealed for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution; and

"(6) granting such other relief as may be deemed necessary and appropriate."

As broad as the mandate of this rule is, it is limited to relief which will preserve the status quo pending execution: Greater Valley Terminal Corporation v. Goodman, 415 Pa. 1, 202 A. 2d 89 (1964); Chadwin v. Krouse, 254 Pa. Superior Ct. 445, 386 A. 2d 33 (1978).

The relief which plaintiff seeks in its petition goes beyond the contemplation of the rule. Specifically, plaintiff's petition requests that the court order:

A. Defendant to turn over all his cash to plaintiff;

B. Defendant to assign all right, title and interest that defendant has in a certain corporation to plaintiff;

C. Defendant to obtain possession of $100,000 worth of securities taken by the F.B.I. and turn the same over to plaintiff;

D. Hancock to cancel defendant's life insurance policy and surrender the cash surrender value to plaintiff;

E. Defendant to assign the mortgage that he owns on a property known as the Rainbow Lounge;

F. Defendant to return $4,000 to his attorney in exchange for a $10,000 mortgage originally owned by defendant on 7016 Elmwood Avenue in Philadelphia and assign said mortgage to plaintiff.

G. Defendant to turn over certain items of jewelry to plaintiff;

H. Defendant to turn over a 1978 Corvette to the sheriff; and

I. Continental to open defendant's safety deposit box in the presence of plaintiff or its representative and turn over all of the contents to plaintiff.

There is little doubt that the requests in paragraphs A, B, C, D, E, G and I are beyond the scope of Rule 3118 because they would not preserve the status quo. Each of these paragraphs contains a request that defendant or a third party be compelled to relinquish control of various properties to plaintiff. However, it is arguable that paragraphs F and H request relief which would be permissible under the rule. Therefore, the two paragraphs will be discussed with greater particularity.

In paragraph F the petition prays for an order whereby defendant would be compelled to rescind the transaction in which he sold a mortgage worth $10,000 to attorney Bernard Avellino for $4,000. On its face, this prayer appears to be permissible under Rule 3118(a)(1). However, because this transaction was presented to the court as a fait accompli, with no averments of fraud or concealment we felt constrained to allow the transaction to stand, thereby preserving the status quo. In any event, it would not have been within the purview of Rule 3118 to order defendant to assign the mortgage to plaintiff.

In paragraph H the prayer requests that defendant be ordered to relinquish control of his 1978 Corvette to the sheriff. Initially, it appeared that this prayer could be granted pursuant to Rule 3118(a)(5). However, the rule permits relief only if the property "has been removed from the county or concealed for the purpose of avoiding execution." Plaintiff's petition alleges neither removal or concealment of the automobile in question. Therefore,

the requested relief in paragraph H is inappropriate under the rule.

By asking for inappropriate relief plaintiff has not complied with the rule. For that reason plaintiff's petition was denied.