## Commercial Credit Corp. v. Repsch

*Geisenberger, Pfannebecker, Zimmerman & Atlee,* for plaintiff.

No appearance for defendants.

BUCHER, *J.,* March 27, 1981—Before the court is plaintiff's request for supplementary relief in aid

of execution. Relying on Pa.R.C.P. 3118(a)(6), plaintiff requests that the court order an encumbrance be placed on an automobile titled in the name of Robert G. Repsch, one of the judgment debtors. Plaintiff desires to place a second encumbrance upon the title of the vehicle without the necessity of executing and levying on said vehicle.

Pa.R.C.P. 3118(a)(6) provides that on petition of plaintiff the court in which a judgment has been entered may enter an order "granting such other relief as may be deemed necessary and appropriate." However, the "catchall" provision of Rule 3118(a)(6) "must be read in conjunction with and as effectuating the same purpose" as the preceding five provisions in Rule 3118: Greater Valley Terminal Corp. v. Goodman, 415 Pa. 1, 5, 202 A. 2d 89 (1964); Chadwin v. Krouse, 254 Pa. Superior Ct. 445, 451-452, fn.2, 386 A. 2d 33 (1978). The purpose of the first five provisions of Rule 3118 is the preservation of the status quo as to the debtor's property: Greater Valley Terminal Corp. v. Goodman, supra; see, also, 9 Goodrich-Amram 2d §3118(a):3.

Plaintiff is seeking by court order to impose a lien on the title of defendant's automobile without executing or levying on the property. Granting plaintiff's request would go beyond the preservation of the status quo. Rather, it would in effect excuse plaintiff from execution and levy. "Relief under Rule 3118 is not intended as a substitute for the writ of execution." Federated Foods of Pennsylvania, Inc. v. Ryan, 3 Butler 167 (1964).

## ORDER

And now, March 27, 1981, plaintiff's request for supplementary relief in aid of execution is denied.