**HEARST/ABC–VIACOM ENTERTAINMENT SERVICES**

v.

**GOODWAY MARKETING, INC.; CPN, Inc.; Donald L. Wolk; and Beryl J. Wolk.**

**Civ. A. No. 87–1638.**

United States District Court, E.D. Pennsylvania.

Dec. 23, 1992.

See also 145 F.R.D. 59.

Melvin A. Schwarz, Lynn A. Herbert, Dechert Price & Rhoads, Philadelphia, PA, for plaintiff.

Mark A. Lopeman, Tofel, Berelson & Saxl, Robert L. Tofel, New York City, pro hac vice, for plaintiff.

Gilbert B. Abramson, Abramson, Cogan, Kogan, Freedman & Thall, P.C., Bruce L. Thall, Philadelphia, PA, Thomas Peppert, Patterson Belknap Webb & Tyler, New York City, for Donald L. Wolk, Berly J. Wolk, Goodway Marketing, Inc. & CPN, Inc.

Jeremy D. Mishkin, H. Eisenberg, Montgomery McCracken Walker & Rhoads, Melvin A. Schwarz, Lynn A. Herbert, Dechert, Price & Rhoads, Philadelphia, PA, for K. Lyons & T. Burchill.

## MEMORANDUM

JAMES McGIRR KELLY, District Judge.

Presently before the court is Plaintiff's Petition for Supplementary Relief in Aid of Execution. On December 17, 1991, this court entered judgment against Defendants, Goodway Marketing, Inc.; CPN, Inc.; Donald L. Wolk; and Beryl J. Wolk (collectively the "Judgment Debtors"), in the amount of $380,636.75. This judgment remains unsatisfied.

In its Petition, Plaintiff requests this court, pursuant to Pa.R.Civ.P. 3118(a), to enjoin Defendants, Defendants' relatives, and a number of companies in which Defendants allegedly have an ownership interest, from transferring or disposing of property allegedly belonging to the Judgment Debtors. This matter was previously before United States Magistrate Judge Naythons who, through his Report and Recommendation dated November 19, 1992, recommended that this court conduct a hearing pursuant to Pa.R.Civ.P. 3118(a).

Federal Rule of Civil Procedure 69(a) provides:

Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held

. . . . .

Pennsylvania Rule of Civil Procedure 3118(a), entitled "Supplementary Relief in Aid of Execution," is the state law provision that provides the practice and procedure for proceedings in aid of execution.

Plaintiff seeks relief pursuant to Pa. R.Civ.P. 3118(a)(1), (2), and (4). Rule 3118(a)(1), (2), and (4) permits a court to, respectively, enjoin the "negotiation, transfer, assignment or other disposition" of property of defendant subject to execution; to enjoin the "transfer, removal, conveyance, assignment or other disposition" of such property; and to direct "the disclosure to the sheriff of the whereabouts of property of the defendant." The court in which a judgment has been entered may order such injunctive relief: "[o]n petition of the plaintiff, after notice and hearing ... before or after the

issuance of a writ of execution." Pa.R.Civ.P. 3118(a).

■ The hearing envisioned by Rule 3118(a) is something less than a full hearing prior to the granting of relief. *Chadwin v. Krouse,* 254 Pa.Super. 445, 452, 386 A.2d 33, 37 (1978) (citing *Greater Valley Terminal Corp. v. Goodman,* 415 Pa. 1, 5, 202 A.2d 89, 93 (1964)). Relief pursuant to Rule 3118(a), however, is limited to maintaining the status quo with respect to debtors' assets. *Id.* Thus, any relief Plaintiff requests which goes beyond the maintenance of the status quo with respect to debtors' assets must be preceded by a "full dress equity proceeding" under Pennsylvania law. *Id.*

■ The hearing prescribed by Pa. R.Civ.P. 3118(a) can be conducted by a United States Magistrate provided the Magistrate submits a Report and Recommendation to this court as to whether the requested injunctions should issue. United States Magistrate Judge Naythons has been actively involved in the discovery disputes in this matter. Plaintiff's Petition for Supplementary Relief in Aid of Execution strikes at the heart of discovery. Thus, in the interests of judicial economy, this matter will be referred to United States Magistrate Judge Edwin Naythons so that he may conduct a hearing in compliance with Pa.R.Civ.P. 3118.

An appropriate Order follows.

### ORDER

AND NOW, this 23rd day of December, 1992, in consideration of Plaintiff's Petition for Supplementary Relief in Aid of Execution, Defendants' response thereto, the Report and Recommendation of the United States Magistrate Judge, and the foregoing Memorandum, it is hereby ORDERED that:

(1) The Report and Recommendation is APPROVED and ADOPTED as modified by the foregoing Memorandum,

(2) Plaintiff's Petition is GRANTED in part, and

(3) A hearing shall be held pursuant to Pa.R.Civ.P. 3118(a) by United States Magis-

trate Judge Edwin E. Naythons at a time he designates.