619 A.2d 322

Saul KAPLAN and Harold Kaplan

v.

**I. KAPLAN, INC. (Formerly MGS Acquisition Corporation) and Atlantic Veal and Lamb, Inc., Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 18, 1992.

Filed Jan. 13, 1993.

216

Andrew H. Cline, Harrisburg, for appellant.

Walter T. Grabowski, Wilkes–Barre, for appellees.

Before OLSZEWSKI, BECK and KELLY, JJ.

BECK, Judge:

This is an appeal from an Order granting Supplementary Relief in Aid of Execution under Pennsylvania Rule of Civil Procedure 3118. Because we believe that the trial court acted within its discretion in granting the relief sought, we affirm.

In mid–1987, brothers Saul and Harold Kaplan, appellees herein, sold to MGS Acquisition Corporation (MGS) all of their shares in I. Kaplan Inc., a slaughtering and veal processing operation in Olyphant, PA. Each brother owned a 50% share in the company. Following the transfer, MGS changed its name to I. Kaplan, Inc., one of the appellants herein. Appellants' brief explains in detail the financing terms associated with the sale, including the involvement of the Bank of New Zealand (Bank), which made certain loans to MGS in order to facilitate the purchase. In return for their stock, appellees received from I. Kaplan, Inc. a $500,000. note which contained a confession of judgment provision. The note was due on the earliest of: six years from the date of the note, one year after repayment of the debt to the Bank or upon the refinancing of the debt to the Bank. The note also provided that the debt to the Kaplans was subordinate to the debt to the Bank.

In May, 1991, apparently due to business difficulties, I. Kaplan, Inc. defaulted on its payments to the Bank. Pursuant to an agreement between I. Kaplan, Inc. and the Bank, I.

Kaplan, Inc. was acquired by Atlantic Veal and Lamb, Inc. (Atlantic). Atlantic paid the purchase price to acquire I. Kaplan, Inc., $590,000, directly to the Bank. I. Kaplan Inc. remained indebted to the Bank for $650,000.[1] On July 2, 1991 appellees filed a Complaint in Confession of Judgment against appellants; the judgment was entered on that date by the Clerk of Judicial Records of Lackawanna County. Thereafter, appellants filed a Petition to Strike Off or Open Judgment Entered by Confession. The Petition to Strike was denied; however, the Petition to Open was still undecided at the time of argument in the instant matter.

In December 1991, in response to Atlantic's removal of equipment from the Olyphant plant, appellees filed a Petition For Supplementary Relief in Aid of Execution under Pa. R.C.P. 3118. The petition was granted on December 31, 1991; as a result, appellants were, *inter alia*, enjoined from removing any machinery or equipment from the Olyphant plant.[2] Appellants timely filed this appeal from the trial court's order.

■ In support of its position that the trial court erred in granting relief under Rule 3118, appellants attack the validity of the Judgment entered in this matter and assert that, in order to receive Rule 3118 relief, appellees were required to establish the requirements for a traditional injunction. Atlantic offers several reasons why the underlying judgment is facially invalid, including that Atlantic cannot be subject to the warrant of attorney provision because it was not a signator to the agreement and that, in any event, appellees are not entitled to confess judgment because the agreement requires a default prior to confession, which has not occurred in this case.

1. At the time of the acquisition, Atlantic agreed to assume all liabilities and obligations of I. Kaplan, Inc. except those with respect to borrowed monies.

2. The Order appealed from provides, in pertinent part:
ORDERED, in accordance with the provisions of Rule 3118 of the Pennsylvania Rules of Civil Procedure, that
1. The defendants and their agents, servants, workmen and employees are hereby enjoined from the transfer, removal, conveyance, assignment or other disposition of machinery and equipment used or useful in the Defendants' present or previous business operations at Hull Avenue, Olyphant, Pennsylvania. . . .

While these arguments may or may not have substantive merit as to the validity of the judgment, we believe that, procedurally, we are precluded from considering appellants' assertions on this issue.[3]

A grant of relief by a trial court under the authority of Rule 3118 is reviewed for an abuse of discretion. *Chadwin v. Krouse*, 254 Pa.Super. 445, 386 A.2d 33 (1978). In the instant matter, the parties are in disagreement over what a party is required to establish at a Rule 3118 proceeding. This is not surprising considering the lack of case law addressing the issue and the lack of direction given in the few opinions which have reviewed orders under the rule. Appellants claim that the lower court should have reviewed the validity of the judgment, as well as required appellees to establish the traditional prerequisites for an injunction, specifically, a clear right to relief, great and irreparable harm, and greater injury in denying injunctive relief than in granting it. Appellees, on the other hand, state that relief under Rule 3118 requires no such showing.

"Rule 3118 authorizes summary proceedings in aid of execution for the purpose of maintaining the status quo of the judgment debtor's property and may be used only for that purpose." [4]   *Greater Valley Terminal Corporation v. Good-*

3. The validity of the judgment will be addressed by the trial court in the Petition to Open, which has yet to be decided. If the trial court denies the Petition to Open, appellants will be entitled to appeal, at which time the arguments improperly offered in this appeal can be considered by this court.

4. Pennsylvania Rule of Civil Procedure 3118 provides, in pertinent part:
   (a) On petition of the plaintiff, after notice and hearing, the court in which a judgment has been entered may, before or after the issuance of a writ of execution, enter an order against any party or person (1) enjoining the negotiation, transfer, assignment or other disposition of any security, document of title, pawn ticket instrument, mortgage, or document representing any property interest of the defendant subject to execution;
   (2) enjoining the transfer, removal, conveyance, assignment or other disposition of property of the defendant subject to execution;
   (3) directing the defendant or any other party or person to take such action as the court may direct to preserve collateral security for property of the defendant levied upon or attached, or any security interest levied upon or attached;

*man,* 415 Pa. 1, 8, 202 A.2d 89, 94 (1964).   In *Greater Valley,* a judgment creditor sought to set aside alleged fraudulent transfers of the judgment debtor in a proceeding under Rule 3118.   The judgment debtor challenged the court's authority to grant the relief, but the trial court held that full equitable relief was available under Rule 3118 and set aside the conveyances of stock certificates as fraudulent.   In holding that the trial court erred, our supreme court stated that the right to supplementary relief under Rule 3118 is given "without the necessity of full dress equity proceedings" and that the rule "envisions something less than a full hearing prior to the granting of relief."   *Id.* at 6, 202 A.2d at 93.

In *Chadwin v. Krouse,* 254 Pa.Super. 445, 386 A.2d 33 (1978), a panel of this court relied on *Greater Valley* in holding that the summary nature of Rule 3118 proceedings did not permit the trial court to compel a judgment debtor to bring property into the state when there was no evidence that it was ever removed therefrom.   *Id.* at 451, 386 A.2d at 36.   The judgment creditor in *Chadwin* sought to have the debtor deliver to the sheriff securities which were, at all times, located out of state.   The court distinguished relief requested under Rule 3118 from traditional injunctive relief and explained: "It is the *streamlined* nature of a Rule 3118 proceeding, however, which militates against its use for any purpose other than to maintain the status quo with respect to the debtor's assets."   *Id.* at 452, 386 A.2d at 37 (emphasis supplied).

■■■   We are aware that in these cases, the courts' insistence that the Rule 3118 proceeding be narrowly focused was of benefit to the debtor, whereas here, it is the debtor who is requesting that the court consider the underlying issues in a broader context.   However, the rule of law we extract from

(4) directing the disclosure to the sheriff of the whereabouts of property of the defendant;
(5) directing that property of the defendant which has been removed from the county or concealed for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution; and
(6) granting such other relief as may be deemed necessary and appropriate.

the case law is that the nature of a Rule 3118 proceeding is strictly limited, regardless of which party is assisted thereby. We are convinced by the rationale of *Greater Valley* and *Chadwin* that the predicates to Rule 3118 relief in this case are the existence of an underlying judgment and property of the debtor subject to execution. To require the trial court to delve into the validity of the judgment, even where the debtor alleges facial errors, is to require too much. This is particularly true because the grant of relief does nothing more than maintain the status quo of a debtor's property.

For the same reason that the trial court need not review the validity of a judgment, it need not require a showing of the traditional requirements for an injunction; this simply is not required by the rule. Our decision is supported by this court's opinion in *Gulf Mortgage and Realty Investments v. Alten*, 282 Pa.Super. 230, 422 A.2d 1090 (1980). In *Gulf Mortgage*, we upheld an order of the trial court compelling the judgment debtor to deliver to the sheriff various stock certificates. In addition to claiming that the certificates were not subject to execution, the debtor claimed that, despite the fact that his counsel had an opportunity to argue orally the merits of the issue, he was denied a hearing as required by Rule 3118. The court held that even though the debtor did not receive a hearing, the lower court's grant of relief was proper because the debtor admitted in his answer the allegations necessary for resolution of the petition:

> [A]ppellant's answer admitted every relevant factual allegation in the petition for supplementary relief—specifically, *the existence of the judgment and appellant's ownership and possession of the shares....*

*Id.* at 237, 422 A.2d at 1094. (emphasis supplied)

In the instant case, appellants do not claim that the underlying confessed judgment does not exist, they challenge its validity. We find that their challenge is misplaced and cannot be considered by this court. It is the existence of the judgment that permitted the trial court to consider and grant relief under Rule 3118. A full hearing on the traditional injunction requirements is not mandated by the rule; therefore, we make

no findings with respect to the judgment's propriety and must disregard appellants' arguments based thereon.

■■■ The remaining issue for our review is whether the property enjoined from removal is "subject to execution" as required by the rule.[5] *See* Pa.R.C.P. 3118(a)(2). At the hearing, appellees claimed that the equipment in the plant was part of the Olyphant realty, and therefore subject to execution, under the Industrial Plant Doctrine. The doctrine provides that permanently installed machinery or equipment that is vital to an industrial plant is considered part of the realty; the doctrine long has been used in a variety of circumstances to determine whether property is personalty or realty. *See e.g., Gottus v. Allegheny County Redevelopment Authority,* 425 Pa. 584, 229 A.2d 869 (1967) (eminent domain); *United Laundries v. Board of Property Assessment,* 359 Pa. 195, 58 A.2d 833 (1948) (local real estate taxation); *Central Lith. Co. v. Eatmor Chocolate Co.,* 316 Pa. 300, 175 A. 697 (1934) (industrial mortgage ownership). *See also Singer v. Redevelopment Authority of Oil City,* 437 Pa. 55, 261 A.2d 594 (1970). The doctrine is analogous to fixture law. Fixtures are defined by the Pennsylvania Commercial Code as goods which become so related to particular real estate that an interest in them arises under real estate law. 13 Pa.C.S.A. § 9313. Appellants admit that it is the intention of the parties at the time the items are placed on the property that determines whether the equipment becomes part of the real estate. *In re Ginsburg,* 255 F.2d 358 (3d Cir.1958).

■ At the hearing, appellee Saul Kaplan testified to the circumstances surrounding the installation of equipment and machinery at the plant:

Q: Can you estimate for the Court the cost of those improvements?

A: I'd have to give you a very ballpark figure, runs in the millions of dollars.

---

5. We are cognizant of the fact that Rule 3118 provides for relief "before or after the issuance of the writ of execution," so that, as in this case, there may not be a writ from which the court can determine what property is subject to execution.

Q: How is the equipment—how is this equipment placed in the plant?

A: What specific type of—

Q: Well, I guess my question is was it free standing, was it somehow bolted into the plant or affixed?

A: In the slaughtering facility, we put in moving conveyers which attached to the structure of the plant.

Q: How are they attached?

A: By welds. We put in a very sophisticated calf skinning operation which took place in about 1982, '83. That made it it [sic] number 1 in the country, and that was attached by welds to the superstructure of the plant.

* * * * * *

Q: At the time this equipment was installed, Mr. Kaplan, what was your intent with regard to it's [sic] future use and location?

A: It was to stay there and keep the operation going.

Q: Did you ever intend to remove it?

A: Definitely not.

Based on this testimony, the lower court found that the equipment at issue was an integral part of the plant and, therefore, part of the real estate and subject to execution.

In their brief, appellants rely on *Cattie v. Joseph P. Cattie & Brothers, Inc.*, 403 Pa. 161, 168 A.2d 313 (1961) for the proposition that where a tenant attaches equipment to property for the operation of his business, a presumption arises that the equipment does not become part of the real estate unless there is a clear expression of an agreement between the landlord and tenant. Appellants point out that at the time the Kaplans installed the equipment, the property was owned by another entity, D & T Realty; therefore, under *Cattie*, absent a clear agreement with the landlord, the equipment installed did not become part of the real estate. However, the Kaplans were the sole owners of D & T Realty, the landlord. We believe their ownership and control of D & T, coupled with Saul Kaplan's testimony of his intent, satisfy the *Cattie* test.

Appellants also claim that the removal of a single piece of equipment, a cryovac machine, constitutes proof that the equipment had not become part of the realty. However, Mr. Kaplan testified that the cryovac machine was only at the plant for storage purposes ·and was never used in the operation there. The trial court's acceptance of Saul Kaplan's testimony regarding his intentions was not an abuse of discretion.

The record below supports the order of the trial court in that it reflects the existence of a judgment against appellants and property of the appellants subject to execution; therefore the grant of relief under Rule 3118 was proper.

Order affirmed.