84

689 A.2d 924

FINOVA CAPITAL CORPORATION, Successor in Interest to Bell Atlantic–Tricon Leasing Corporation, Appellant,

v.

James E. NICOLETTE; Frank Santamaria; Frank V. Maida; Robert A. Holst; Helarion A. Beronilla, Jr.; Narcisa Lipana; Charles Chang; Samuel Flannagan; John R. Kennerdell; Dominic W. Dileo; Yahya Fadl; Angel Balcita; Barid B. Jana; Paul Dascani; Gregory Spain; William Hughes; Lifecare Laboratories, Inc.; Lifecare Cardiac Center Inc., and Lifecare X–Ray Inc. (Two Cases).

Superior Court of Pennsylvania.

Submitted Oct. 8, 1996.

Filed Jan. 14, 1997.

Reargument Denied March 25, 1997.

David L. Robinson, Greensburg, for appellant.

Robert L. Blum, Mt. Pleasant, for appellees Holst, etc.

Dennis E. Shean, Butler, for appellees Hughes, etc.

Before POPOVICH, FORD ELLIOTT and HESTER, JJ.

HESTER, Judge:

Finova Capital Corporation, successor-in-interest to Bell Atlantic–Tricon Leasing Corporation, appeals the determination of the trial court that it may not collect a deficiency judgment against appellees,[1] Robert A. Holst, Helarion A. Beronilla, Jr., Charles Chang, Samuel Flannagan, Yahya Fadl, Angel Balcita, Barid B. Jana, Paul Dascani, Gregory Spain, William Hughes, and Lifecare X-ray, Inc. We affirm.

Appellant entered into equipment leases in California with appellees for certain medical equipment. When appellees defaulted under the leases, appellant sold the equipment with-

---

1. Some of the named defendants did not defend this action and are not appellees herein.

out notifying appellees of the time or place of the sale. It obtained a deficiency judgment following the sale against appellees and sought to enforce it in Pennsylvania.

The matter arises from an action instituted in Orange County, California. In the complaint, appellant alleged breach of lease, breach of guaranties, and other causes of action. The individual appellees herein had guaranteed the leases in question. The complaint was served on appellees during July or August, 1992.

Appellees failed to respond to the complaint, and a default judgment was entered against them on January 26, 1993. On April 7, 1993, appellant entered that judgment pursuant to the Uniform Enforcement of Foreign Judgments Act in the Court of Common Pleas of Westmoreland County.

The January 26, 1993 order provides in relevant part as follows. Appellees Beronilla, Chang, and Flannagan were subject to Equipment Lease No. 2293.01 and had damages in the amount of $54,625.19 and attorney's fees in the amount of $2,438.75 entered against them. The equipment and personal property that was the subject of that lease was ordered to be delivered to appellant. The order then provides that appellant "shall sell or dispose of the personal property in a commercially reasonable manner as provided by Commercial Code section 9504 and the net proceeds of the sale or other disposition shall be applied to the unpaid balance due on the Judgment entered on account of Equipment Lease No. 2293.01." Order of Court, 1/26/93, at 2–3.

For breach of Equipment Lease Nos. 2773.01, 2773.02, and 2773.03, damages in the amount of $592,213.27 and attorney's fees in the amount of $8,322.13 were entered against Lifecare X-ray, Inc., Beronilla, Fadl, Balcita, Chang, Flannagan, Jana, Dascani, Spain, and Hughes. The court also ordered that the equipment and personal property described in those leases be delivered to appellant and upon delivery, appellant "shall sell or dispose of the personal property in a commercially reasonable manner as provided by Commercial Code section 9504 and the net proceeds of the sale or other disposition shall be

applied to the unpaid balance due on the Judgment entered on account of Equipment Lease Nos. 2773.01, 2773.02, and 2773.03." *Id.* at 4–5.

Appellant sold the equipment which was the subject of the four leases and obtained a deficiency judgment which it sought to execute by this action in Pennsylvania. After numerous proceedings, including an attempt to have the January 26, 1993 order of the California court modified, the decision at issue was entered on May 26, 1996. Therein, the Court of Common Pleas of Westmoreland County determined that the California judgment could not be collected because appellant had failed to give appellees notice of the equipment sales as required by section 9504 of the California Uniform Commercial Code. Appellant appealed this May 26, 1996 order at 729 Pittsburgh 1996. Appeal number 129 Pittsburgh 1996 is from the December 4, 1995 order denying appellant bond as to Lifecare, Beronilla, Fadl, Chang, Flannagan, Jana, Lipana, Dascani, Spain, and Hughes.

Section 9504(3) of the California Commercial Code provides in relevant part, "Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, the secured party must give to the debtor, if he or she has not signed *after* default a statement renouncing or modifying his or her right to notification of sale, . . . a notice in *writing* of the time and place of any public sale or of the time on or after which any private sale or other intended disposition is to be made." (emphasis added). Herein, the trial court concluded that the deficiency judgment obtained by appellant was not valid since appellant had failed to give reasonable notification of its sales of the leased goods as required by the default judgment order mandating that the sales accord with section 9504.

■ Appellant's first challenge to this decision is rather obtuse. It argues that procedurally, appellees were not permitted to attack the validity of its deficiency judgment with a rule to show cause why the judgment should not be opened. Appellant provides no legal authority for this proposition,

other than case law relating to the fact that we must give full faith and credit under the United States Constitution to foreign judgments. We fail to see how the procedural posture of this case is improper. Appellant sold the goods without notifying appellees in advance of the sale and obtained the deficiency judgment based on deficiencies arising after the sales.

This proceeding was appellees' first opportunity to object to a lack of notice. The court accorded full faith and credit to the California order, but it merely noted that under the express provisions of the default order, appellant was required to notify appellees of the sales. The trial court noted that a failure to provide notice of sale in accordance with section 9504 is a defense to a deficiency judgment.

Appellant obtained a default judgment against appellees and the express wording in that default judgment provides that appellant had to give notice of the time and place of the sale of the leased goods in order to obtain a deficiency judgement. Appellant failed to provide such notice. Thus, appellant failed to comply with the order granting default. The trial court did not permit appellees to raise defenses to the default judgment which appellees should have asserted when the action was instituted in California. The court merely refused to enforce the default judgment because appellant failed to comply with its terms. Appellees' defense is that appellant failed to comply with the mandates of that default judgment, not that it is not liable under the lease agreements. Their defense postdates the default judgment and relates to failures occurring after default judgment was granted and in violation of the default order. Therefore, the trial court did not violate procedural rules nor did it fail to give full faith and credit to the default judgment entered in California.

Appellant also claims that the trial court did not properly resolve disputed factual matters under Pa.R.Civ.P. 209(b). It claims that it presented deposition evidence that Gregory Spain knew about the sales and acted as an agent for the other guarantors. Without citation to either statutory or case

law authority, appellant then posits that "as the respondent appellant is entitled to a presumption it in its favor when the petitioners do not produce clear and convincing evidence to the contrary." Appellant's brief at 25.

We are not aware of any rule of law which requires a trial court to credit deposition testimony in a proceeding involving petition practice. In fact, in all areas where factual issues are to be resolved, the factfinder is permitted to believe or disbelieve whatever evidence it chooses. Appellant certainly has failed to cite to any authority requiring a factfinder to credit evidence merely because it is not contradicted. Furthermore, appellant totally fails to elaborate, through citation to the record on the nature of the notice it gave to Mr. Spain and the nature of the evidence it produced to establish that Mr. Spain was acting as agent for all these individual guarantors. Since appellant has failed to convince us that the trial court's determination on this factual issue was contrary to the law or the evidence, we affirm. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984) (the appellant has the burden to demonstrate the trial court's decree is erroneous due to the evidence or the law); *Hercules v. Jones,* 415 Pa.Super. 449, 609 A.2d 837 (1992) (where appellant presented a position without elaboration or citation to case law, we declined to address phantom argument).

■ The next issue presented is whether an April 8, 1993 letter appellant sent to appellees' counsel constituted sufficient notice of the sales under section 9504. That letter states in relevant part that appellant "will proceed with reclaiming the equipment on or shortly after May 10, 1993," and that after that time, appellant will "proceed with the sale of the equipment." As the letter does not give the time or the date of the proposed sale and does not indicate whether the sale is public or private, it is insufficient to satisfy the requirements of section 9504. Furthermore, appellant has provided us with no authority interpreting section 9504 to provide that a general notice that property is to be sold in the indefinite future is sufficient to satisfy section 9504 mandates. Accordingly, we

affirm the trial court's determination that the April 8, 1993 letter did not satisfy the requirements of section 9504.

■ In a two-paragraph argument completely lacking in citation to relevant case law or statutory authority, appellant next argues that appellees waived notice of the sale in their guaranty agreement. Appellant indicates that the guaranty agreements are attached to a deposition but does not quote the relevant language in the agreements nor does it indicate where the language is located in the guaranty agreement. We decline to address the merits of this argument. *Fielding v. Fielding*, 454 Pa.Super. 261, 685 A.2d 178 (1996) (where appellant failed to cite to any statutory or case law authority to support a one-page argument, the claim was not considered); *Gallagher v. Sheridan*, 445 Pa.Super. 266, 665 A.2d 485 (1995) (claim that is not supported by reference to legal authority is waived). Furthermore, section 9504(3) provides expressly that waiver of notice for a sale must be signed after the default.

■ Appellant next argues that the default judgment order's requirement that the equipment be sold pursuant to the mandates of section 9504 did not invoke the notice provisions of that section in light of amendments to the section made in 1991.

■ Thus, we examine the relevant California law. Under section 9504(3), a party must give notice of sale to the debtor before selling collateral. Specifically, notice must include the time and place of any public sale or the time of a private sale. A secured party who fails to give notice loses his right to obtain a deficiency judgment. *Atlas Thrift Co. v. Horan*, 27 Cal.App.3d 999, 104 Cal.Rptr. 315 (1972). There are four exceptions to the notice requirement: if the collateral is perishable; if the collateral threatens to decline in value quickly; if the collateral is usually sold on a recognized market; or if the debtor waived notice in a writing signed after default. Cal.Comm.Code § 9504(3). The purpose of the notice is to allow the debtors the opportunity to bid at the sale to protect their rights.

Appellant states that the 1991 amendments to section 9504 changed the holding in *Atlas Thrift.* It relies upon footnote eight of *Canadian Commercial Bank v. Ascher Findley Co.,* 229 Cal.App.3d 1139, 280 Cal.Rptr. 521, 526 (1991) (emphasis in original, footnote omitted), where the court states:

California Commercial Code section 9504, subdivision 1, provides that, after default, a secured party may sell, lease, or otherwise dispose of any or all of the collateral securing the indebtedness. Following the disposition of the collateral, the debtor is liable for any deficiency. (*Id.* at subd. 2.) Section 9504 requires that notice of the disposition of the collateral be given to the debtor, and that any such disposition be conducted in a commercially reasonable manner. (*Id.* at subd. 3.) A commercially reasonable disposition is presumed to be in good faith and at the greatest possible market rate. (*Security Pacific National Bank v. Geernaert* (1988) 199 Cal.App.3d 1425, 1431, 245 Cal.Rptr. 712.) The requirements of section 9504 are strictly construed. "If the secured creditor wishes a deficiency judgment he must obey the law. If he does not obey the law, he may not have his deficiency judgment." (*Atlas Thrift Co. v. Horan* (1972) 27 Cal.App.3d 999, 1009, 104 Cal.Rptr. 315). Failure to comply with either the notice requirement *or* the requirement of commercial reasonableness will act as an absolute bar to a deficiency judgment. *Crocker National Bank v. Emerald* (1990) 221 Cal.App.3d 852, 270 Cal.Rptr. 699.

In *Canadian Commercial Bank* at footnote eight, the court discusses the notice requirement of section 9504 and the absolute bar rule. First, the court states that not all jurisdictions have adopted the "absolute bar rule" of *Atlas Thrift.* Second, the court notes the 1991 amendments to section 9504 allow the abandonment of the "absolute bar rule" of *Atlas Thrift* only in certain specific instances. The amended section 9504(2) begins with the phrase "if the secured party has provided notice to the debtor pursuant to subdivision (3), if so required, but has not proceeded in a commercially reasonable manner...." However, the case at issue is *not* a case where the secured party "has provided notice to the debtor pursuant

to subdivision (3)," and therefore appellant cannot rely on this amended subdivision.  Indeed, the court in *Canadian Commercial Bank* states that "the absolute bar rule continues to be applicable in those instances in which notice is not given to the debtor." *Id.,* 280 Cal.Rptr. 521, 527 n. 8.  The 1991 amendment to section 9504 provides for certain instances where the "absolute bar rule" will be abandoned.  That instance is only where the secured party has given the debtor notice pursuant to section 9504(3).  In the present action, appellant did not give notice to the debtor, and the amended language is irrelevant to the facts of this case.

In the *Earl of Loveless, Inc. v. Gabele,* 2 Cal.App.4th 27, 2 Cal.Rptr.2d 829 (1991), a post *Canadian Commercial Bank* and post 1991 amendments case, the main issue before the court was whether a debtor could waive his right to formal, written notice of the disposition of collateral.  Before deciding the waiver question, the court restated the position of California law as follows:

> "Notice to the debtor is the mechanism that the Legislature and the drafters of the Uniform Commercial Code chose to ensure that sales of collateral are conducted in a commercially reasonable fashion.  Notice serves this purpose by giving the debtor an opportunity to monitor the sale to ensure its commercial reasonableness.  The right to a deficiency judgment is conditional and depends on strict compliance with the statutory requirements.  As the court stated in *Atlas Thrift Co. v. Horan* (1972) 27 Cal.App.3d 999, 1009, 104 Cal.Rptr. 315 'the rule and requirement are simple.  If the secured creditor wishes a deficiency judgment he must obey the law.  If he does not obey the law, he may not have his deficiency judgment.' " *(Backes v. Village Corner, Inc.* (1987) 197 Cal.App.3d 209, 215–216, 242 Cal. Rptr. 716; citations omitted.)

*Id.,* 2 Cal.Rptr.2d at 831.

The court in *Loveless* went on to state that in California, "failure to comply with the notice requirement precludes the secured party from recovering a deficiency judgment against the 'debtor.' " *Id.*

■ Thus, California law remains clear regarding notice to a debtor of the sale of collateral by a secured party. Section 9504(3) requires that written notice be given by the secured party to the debtor of the time and place of any public sale or of the time on or after which any private sale or other intended disposition is to be made. In the present case, appellant was expressly ordered to comply with section 9504, which includes the notice provisions of section 9504(3). This notice requirement is to be strictly construed and failure to comply with it will act as an absolute bar to a deficiency judgment under California law. This rule of law has not been changed in any manner by the 1991 amendments to section 9504. Thus, the deficiency judgments are not enforceable under California law.

■ Appellant also suggests that this transaction was governed by article two of the Uniform Commercial Code and therefore, that article nine was not applicable. In this respect, we note the following. Appellant attempted to amend the default judgment order to eliminate the section 9504 notice requirements. The California court refused to do so. The trial court herein rejected this argument, concluding that appellant elected to proceed under section 9504 and is bound by that decision. We do not disagree with this logic.

Finally, since the deficiency judgments are not valid, we agree that bond properly was denied.

Orders affirmed.