(2) That the claimant lawfully acquired the property.

(3) That it was not unlawfully used or possessed....

42 Pa.C.S. § 6802(j).

■ Thus, notice and opportunity to be heard are integral to forfeiture proceedings. See generally *In re Commonwealth, $803 Cash, U.S. Currency,* 403 Pa.Super. 526, 589 A.2d 735 (1991); *Commonwealth v. $1,800 U.S. Currency,* 679 A.2d 275 (Pa.Cmwlth. 1996). In the present case, after the Commonwealth presented evidence that the $100 seized from Mosley constituted proceeds of an illegal drug transaction, Mosley was entitled to respond with evidence to the contrary. He was, however, through his absence at the hearing denied an opportunity to respond. Mosley's decision to forgo attendance at the hearing was made without notice that there was going to be a statutory forfeiture proceeding. Further, because his answers to the interrogatories were provided *prior* to the Commonwealth's oral motion for forfeiture, it cannot be said that the interrogatories served as his response.

Hence, the order of the Commonwealth Court affirming the forfeiture of property must be vacated, and the case must be remanded to the court of common pleas to afford Mosley notice and an opportunity to respond to the Commonwealth's evidence.

Order vacated, and case remanded.

NEWMAN, J., did not participate in the consideration or decision of this case.

■

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Louis SHAFFER, Petitioner.**

Supreme Court of Pennsylvania.

Dec. 2, 1997.

*ORDER*

PER CURIAM.

AND NOW, this 2nd day of December, 1997, the petition for allowance of appeal is granted, limited to the issue of whether the amendment of the Pennsylvania Corrupt Organizations statute obviates the fact that when the criminal conduct occurred the Act did not apply to a wholly illegitimate drug conspiracy.

■

**MARSHALL RUBY AND SONS, Appellant,**

v.

**DELTA MINING COMPANY, Appellee,**

v.

**Stanley Michael JEFFREYS, Appellee.**

Superior Court of Pennsylvania.

Argued September 10, 1997.
Filed Oct. 21, 1997.

Douglas R. Goldhaber, Everett, for appellant.

Dwight Diehl, Bedford, for Jefferys, appellee.

Before POPOVICH, SAYLOR and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

On July 31, 1992, a $25,413.66 judgment was entered against Delta Mining Company (Delta) in the Allegany County Circuit Court in Maryland. This judgment, in favor of Marshall Ruby & Sons (Ruby), made final a default judgment in the same amount which Ruby obtained after Delta failed to pay Ruby for certain heavy equipment repair services.

In order to satisfy the judgment, Ruby attempted to execute upon several pieces of construction equipment including, *inter alia,* a Pettibone L–50 hydraulic crane which was in the possession of the Brenlee Corporation (Brenlee). Ruby alleged that the execution was lawful because, although Brenlee possessed the crane, actual ownership remained with Delta at the time of the levy. Brenlee, in turn, filed a motion for release of property and, in support thereof, averred that it was the record owner of the crane.

After holding two hearings which addressed the parties' claims of entitlement, the Maryland Circuit Court denied Brenlee's motion for release. In so doing, the court held that Brenlee had failed to prove by a preponderance of the evidence that it owned the disputed property at the time Ruby levied upon it. Title, therefore, remained with Delta and the crane was subject to execution in satisfaction of the $25,416.66 debt.

Prior to the time that Ruby could take possession of the crane from Brenlee to satisfy the judgment against Delta, Stanley Michael Jeffreys, an officer of Brenlee, moved the equipment from Maryland to Bedford County, Pennsylvania. Claiming that Jeffreys had tortiously interfered with its right of possession, Ruby filed suit against Jeffreys in Maryland for the estimated value of the crane.

On February 1, 1995, the case against Jeffreys proceeded to a non-jury trial before the Honorable Paul J. Stakem. After receiving testimony, the court concluded that, although Jeffreys was aware of the prior court holding

that Brenlee had no legal interest in the crane, Jeffreys moved the property out of the jurisdiction. Further, the court held that Jeffreys' continued possession of the crane, and his refusal to disclose its exact whereabouts, was tortious. Judgment was therefore entered in favor of Ruby for $10,000, the estimated value of the crane.

In November of 1995, Ruby filed a statement of foreign judgment in the Court of Common Pleas of Bedford County, Pennsylvania. Said statement evidenced the $10,000 judgment Ruby obtained against Jeffreys in Maryland. On May 14, 1996, Jeffreys satisfied the $10,000 judgment in full.

On July 30, 1996, Ruby filed a second statement of foreign judgment in the Bedford County Court of Common Pleas. This second statement reflected the $25,413.66 judgment entered in Maryland against Delta and in favor of Ruby. Ruby next filed a praecipe for writ of execution in Bedford County indicating Ruby's wish to levy upon the hydraulic crane still possessed by Jeffreys in order to satisfy the judgment against Delta.

A sheriff's sale was scheduled for November 7, 1996. Prior to the sale, however, Jeffreys filed an objection in the Bedford County Court of Common Pleas. Therein, Jeffreys claims actual ownership of the crane, tracing title from Delta to Brenlee to Jeffreys. In response, Ruby filed a petition for supplementary relief in aid of execution pursuant to Pa.R.C.P. 3118. Said petition requests the immediate release of the crane from Jeffreys to Ruby in full satisfaction of the $25,413.66 debt owed to Ruby from Delta.

On November 7, 1996, the Court of Common Pleas held a hearing on Jeffreys' objections and Ruby's petition. After receiving testimony and exhibits from Ruby and Jeffreys, the court denied Ruby supplementary relief. This appeal, wherein Ruby alleges that the trial court erred in determining that Jeffreys may retain possession of the disputed equipment, follows.

Pursuant to Pa.R.C.P. 3118(a)(6), a judgment holder may, upon petition, request a court to enter an order granting "relief as may be deemed necessary and appropriate" in aid of execution. In interpreting this Rule, our Supreme Court has held that "Rule 3118 authorizes summary proceedings in aid of execution for the purpose of maintaining the status quo of the judgment debtor's property and may be used only for that purpose." *Kaplan v. I. Kaplan, Inc.*, 422 Pa.Super. 215, 219–20, 619 A.2d 322, 325 (1993) (quoting *Greater Valley Terminal Corp. v. Goodman*, 415 Pa. 1, 8, 202 A.2d 89, 94 (1964)).

In order to demonstrate entitlement to relief, the movant must establish: (1) the existence of an underlying judgment; and (2) property of the debtor subject to execution. *Kaplan*, 422 Pa.Super. at 221, 619 A.2d at 326. When reviewing the grant or denial of Rule 3118 supplementary relief, this Court's review is limited to determining whether the trial court abused its discretion. *Kaplan*, 422 Pa.Super. at 219, 619 A.2d at 325.

In the instant matter, it is undisputed that an underlying judgment in the amount of $25,413.66 exists against Delta in favor of Ruby. Our initial focus, therefore, is upon the second prerequisite to relief; that is, whether the disputed property is subject to execution.

In order to answer this inquiry, we must first determine whether the subject property was owned by Delta at the time of the levy. This question, however, has been resolved by our Maryland colleagues. As previously stated, the Maryland Circuit Court issued an order on March 24, 1994, finding the purported transfer of the crane's title from Delta to Brenlee/Jeffreys ineffectual due to the parties' failure to comply with certain mandatory provisions of the Maryland Transportation Code. Consequently, title to the crane remained with Delta at the time of the levy despite Jeffreys' possession.

One of the most stalwart principles of constitutional jurisprudence is that a decision rendered on the merits by a court of competent jurisdiction must be given full faith and credit in out-of-state courts. *See, Finova Capital Corp. v. Nicolette*, 456 Pa.Super. 84, 689 A.2d 924 (1997); *Thys Company v. Harvard Industries, Inc.*, 205 Pa.Super. 472, 210

A.2d 913 (1965); *Romero v. Mattioli Const. Co.*, 193 Pa.Super. 90, 163 A.2d 671 (1960); *In re Thorn's Estate*, 353 Pa. 603, 46 A.2d 258 (1946). We find no defect in the Maryland Circuit Court's jurisdiction over this matter. The Maryland decision vesting ownership with Delta is, therefore, binding upon all of the Courts in this Commonwealth.[1]

■ Determining that Delta, rather than Jeffreys, owned the crane at the time of the levy does not, however, end our inquiry. Jeffreys argues that, should his assertion of ownership be denied, Ruby cannot levy upon the crane because Jeffreys paid Ruby the full estimated value of the crane in May of 1996. To allow further execution, Jeffreys argues, would be to permit a double satisfaction. We agree.

Pa.R.C.P. 3148 governs the manner in which a judgment holder may execute upon a debtor's property that is in the possession of a third party garnishee. Germane to the present appeal is subsection (c) of the Rule, which provides:

(c) If judgment is entered against the garnishee for specific property of the defendant determined to be in the possession of the garnishee, the plaintiff may have execution against the property. If the garnishee fails to make the property available to the sheriff for execution, the plaintiff upon leave of court may have execution against the garnishee generally for the amount of the plaintiff's judgment against the defendant, together with interest and costs, unless the garnishee shows good cause for nonproduction of the property, or that its value is less than the amount of plaintiff's judgment, interest and costs, in which event judgment shall be entered for the lesser amount.

A review of the facts and procedures underlying the instant matter reveals that, on February 1, 1995, a $10,000 judgment was entered against Jeffreys as a garnishee in the possession of property owned by the primary debtor, Delta. To-wit, the Pettibone crane that is the subject of the present litigation. Said judgment was awarded in lieu of the property subject to execution because Jeffreys failed to make the property available for execution and, in fact, refused to testify as to the equipment's exact location. On May 14, 1996, Jeffreys satisfied the $10,000 judgment in full. The foregoing facts reveal a clear connection between the judgment Jeffreys paid and Ruby's frustrated attempt to execute against Delta's crane.

Despite this clear connection, Ruby presently maintains that its judgment against Jeffreys was separate and distinct from its judgment against Delta. Specifically, Ruby avers that:

The Ten Thousand Dollar ($10,000) judgment which the Appellant had against Mr. Jeffreys individually was not the result of the Appellant executing generally against Mr. Jeffreys as Garnishee under Pa.R.C.P. 3148(c), but from a separate action in the District Court of Allegany County, Maryland, an action in which Delta Mining Co. was not even a named party. (R. 3a). The judgment which the Appellant had against Delta Mining Co. for Twenty–Five Thousand Four Hundred Thirteen Dollars and Sixty–Six Cents ($25,413.66) was from the Circuit Court of Allegany County, Maryland (R. 1a), a separate court from the one which rendered the Ten–Thousand Dollar ($10,000) judgment against Mr. Jeffreys. The fact that the two (2) judgments which the Appellant Marshall Ruby and Sons had were obtained approximately three years apart, for significantly different dollar amounts, and were from different courts establishes that they are not the

---

1. Curiously, the trial court in the instant matter intimated that acceptance of the Maryland order was discretionary, rather than mandatory. The court stated:

We decline to make our own finding with regard to the transaction between Delta Mining and Brenlee as that would require an interpretation of the Maryland Transportation Code. Therefore, we accept Judge Leasure's opinion with regard to ownership of the crane and conclude that Jeffreys clearly did not obtain ownership rights in that equipment by virtue of his alleged agreement with Brenlee. Slip op., 12/30/96 at 3. To reiterate, our courts are constitutionally bound to give full faith and credit to the prior order of the Maryland court. Therefore, the court sub judice lacked authority to undertake an independent interpretation of the Maryland Transportation Code. The Maryland decision controls.

same judgment and also establishes that one is not merely a reissuance of the other.

Appellant's brief at 15. When one reads the records detailing these two judgments, it is evident that this averment is vacuous. The fact that the judgments were entered several years apart in different Maryland courts does not evidence that the judgments are distinct. Rather, the commonality of the underlying *res* in both judgments is conclusive proof that the judgments are, in fact, interrelated.

To allow Ruby to collect both the estimated value of the crane as well as the crane itself from Jeffreys, as garnishee, would, indeed, impermissibly permit a double satisfaction. Any attempts by Ruby to satisfy the remainder of its judgment against Delta must, therefore, be directed at property other than the crane in Jeffreys' possession.

Order affirmed.

