J-S75013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROCK CITY ACQUISITION AND DEVELOPMENT CORPORATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TAMARA F. MARSHALL AND MIRROR IMAGE UNISEX SALON, LLC | |
| Appellants | No. 795 WDA 2019 |

Appeal from the Order Entered April 29, 2019
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD-18-008688

BEFORE:  STABILE, KUNSELMAN, and PELLEGRINI,[*] JJ.

MEMORANDUM BY STABILE, J.:                      **FILED APRIL 24, 2020**

Appellants, Tamara F. Marshall ("Marshall") and Mirror Image Unisex Salon, LLC (collectively "Appellants"), appeal from the April 29, 2019 order entered by the Honorable Patrick M. Connelly of the Court of Common Pleas of Allegheny County.  The order granted permission to Appellee, Rock City Acquisition and Development Corporation ("Rock City"), to execute on two bank accounts bearing the name of Mirror Image Cuts and Styles ("Cuts and Styles").  Appellants argue the trial court erred and abused its discretion by enjoining and freezing Cuts and Styles' accounts because Cuts and Styles was

_____

[*] Retired Senior Judge assigned to the Superior Court.

not a named defendant in the action initiated by Rock City. Following review, we affirm.

From our review of the record, we observe that Marshall and her business partner, Cobbs, entered into a five-year lease in 2009 with Munhall Properties for the premises at which Marshall and Cobbs operated a hair salon. The lease included a confession of judgments clause.

In 2014, Mirror Image Unisex Salon, LLC, entered into a five-year lease extension for the premises with Munhall Properties' successor in interest, Intracor. Mirror Image Unisex Salon, LLC, was identified as the sole tenant and Marshall and Cobbs were removed as tenants. Intracor subsequently sold the property to Rock City. In 2018, Rock City confessed judgment against Appellants for delinquent rent.

In his Rule 1925 opinion, Judge Connelly explained:

This case originated on a complaint for confession of judgment filed by [Rock City] regarding unpaid rent on a commercial lease for a hair salon. [Appellants] filed a responsive pleading in the form of a petition to strike and/or open judgment.[1]

On March 29, 2019, the Hon. John T. McVay, Jr. entered judgment against [Appellants] for $12,391.49 plus attorneys' fees and immediate possession.

[Rock City] then filed a motion for permission to execute on [Appellants'] bank account. On April 29, 2019, this court entered an order permitting PNC Bank, NA to freeze funds in certain

---

[1] In Appellants' petition to open or strike the judgment, Marshall represented that she is a shareholder in Mirror Image Unisex Salon, LLC. Petition to Strike Off or Open, 8/7/18, at ¶¶ 1-2.

accounts owned by [Cuts and Styles]. Said order is the subject of [Appellants'] appeal.

After this court's order was entered, the parties went back to court before the Hon. Donald R. Walko, Jr. Judge Walko entered an order limiting the amount of the frozen funds to $17,367.65, which represents the sum of the judgment entered on March 29, 2019, plus attorneys' fees in the amount of $4,076.25.

It is the court's understanding that this latter order was the subject of a motion to dismiss the present appeal, in which [Rock City] argued that such order has rendered this court's order moot. It is the court's understanding that the Superior Court denied that motion without prejudice.[2]

Trial Court Opinion, 9/11/19, at 2-3 (some capitalization omitted).

In this appeal, Appellants ask us to consider one issue:

Whether the trial court erred as a matter of law and abused its discretion by permitting [Rock City] to enforce a judgment against [Appellants] by enjoining and freezing the bank accounts of a 3rd party entity which was not a named defendant and unrelated to the litigation based on the evidence in the records.

Appellants' Brief at 6.[3]

We first note that when we review the grant or denial of supplementary relieve in aid of execution, "this Court's review is limited to determining whether the trial court abused its discretion." *MacHarg v. MacHarg*, 151

___

[2] By order entered August 15, 2019, we denied the motion to dismiss without prejudice to Rock City's right to reassert it before this panel. Rock City has not raised it in its brief.

[3] While Appellants preserved this issue by raising it in their Rule 1925(b) statement of errors complained of on appeal, we remind counsel for Appellants of the requirement to append a copy of the Rule 1925 statement to the appellate brief. *See* Pa.R.A.P. 2111(a)(11) and (d).

A.3d 187, 190 (Pa. Super. 2016) (quoting **Marshall Ruby and Sons v. Delta Min. Co.**, 702 A.2d 860, 862 (Pa. Super. 1997)).

As reflected above, after Rock City confessed judgment, Appellants filed a petition to strike off or open the judgment. Appellants attached copies of several cancelled checks as an exhibit to that petition to demonstrate the rent had been paid. The checks were payable to Rock City during the period from December 19, 2015 through May 19, 2018. All of the checks were made payable to Rock City on PNC accounts in the name of Cuts and Styles. As the trial court explained,

> The court acknowledges that the name on these accounts is different than [Appellant's] name "Mirror Image Unisex Salon, LLC." However, [Rock City] believed these accounts to be owned by the party or parties responsible under the lease, and liable for the judgment entered on March 29, 2019. [It was Appellants] who originally introduced these documents by attaching them to their pleading, stating at Paragraph 59 that "proof of the payment for all of 2016 and 2017 are attached to the petition as exhibit 10."
>
> Pursuant to the Pennsylvania Department of State's Bureau of Corporations website, "Mirror Images Cuts and Styles" is not an entity but rather is a fictitious name. Its address is . . . the address of the premises that are the subject of the lease in the case. The fictitious name is granted to [Marshall at the same address indicated in the December 30, 2009 lease. Marshall] signed that lease in her individual capacity.
>
> [Appellant] "Mirror Image Unisex Salon, LLC" is a separate legal entity. It is an active Pennsylvania limited liability company with an address [that is the address of the leased premises].
>
> Under the Fictitious Names Act, the registering of a fictitious name does not create a legal entity. In fact, any one may use the same business name as a person who has already registered a fictitious name. 54 Pa.C.S.A. § 303(d). The holder of a fictitious name is

- 4 -

prohibited from using the term "limited" and may not use the same name as that of a legal entity. Registering a fictitious name imparts no rights other than the conducting of business under that name. 54 Pa.C.S.A. § 332(a).

Although [Appellants] reference "Mirror Images Cuts and Styles, LLC" in their statement of matters complained of [on] appeal, we have no evidence of such an entity in the Commonwealth. Moreover, the bank accounts executed upon did not carry that name.

Thus, in executing on the bank accounts of "Mirror Image Cuts and Styles," [Rock City] has done no more than execute on the alter ego of Tamara Marshall. Tamara Marshall is a named defendant who has a judgment against her by virtue of Judge McKay's order. [Rock City] did not execute against a separate entity not named in the case.

Trial Court Opinion, 9/11/19, at 4-6 (some capitalization omitted).

In the argument section of their brief, the **only** legal authority Appellants cite is ***Dubrey v. Izaguirre***, 685 A.2d 1391 (Pa. Super. 1996), which Appellants offer in support of their position that a court must have jurisdiction over a party in order to enter judgment against that party. While that may be an accurate statement of the law, Appellants fail to appreciate that judgment was not entered against Cuts and Styles but, rather, was entered against Marshall and Mirror Image Unisex Salon, LLC., parties over whom the trial court had jurisdiction. Marshall did not appeal from the denial of her petition to open judgment, or more specifically appeal that she was not a proper party to the confession. Therefore, the appeal issue presently before this Court only concerns Rock City's attempts to execute on the judgment.

Appellants have not offered any legal support for their contention that the trial court abused its discretion in enjoining and freezing the accounts bearing the fictitious name of Marshall's alter ego, Cuts and Styles. As this Court has observed, and as the trial court recognized, "The use of a fictitious name does not create a separate legal entity, but is merely descriptive of a person or corporation who does business under another name." ***Burlington Coat Factory of Pennsylvania, LLC v. Grace Const. Management Co., LLC***, 126 A.3d 1010, 1024 (Pa. Super. 2015) (citations omitted). Cuts and Styles is not a distinct legal entity but is a fictitious licensed trade name registered by Marshall and the name on the checks remitted to Rock City for payment of rent and other charges due under the lease with Mirror Image Unisex Salon, LLC.

We discern no abuse of discretion in the trial court's ruling. Therefore, we shall affirm the April 29, 2019 order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2020

- 6 -