J-S20037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MINTAKA FINANCIAL, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUADIX, LLC AND JOSH BOHANON | : | |
| | : | |
| Appellant | : | No. 1175 MDA 2020 |

Appeal from the Order Dated August 21, 2020
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
201706217

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:  **FILED: AUGUST 19, 2021**

Quadix, LLC ("Quadix"), and Josh Bohanon ("Bohanon") (collectively, "Defendants") appeal from the Order granting the "Application to Impose a Charging Lien on [] Bohanon's Transferable Interest in Quadix, [] Pursuant to 15 Pa.C.S.A. § 8853," which was filed by Mintaka Financial, LLC ("Mintaka"). The trial court's Order further granted Mintaka's Petition for Supplemental Relief in Aid of Execution pursuant to Pa.R.C.P. 3118.[1]  We affirm.

On May 15, 2017, Mintaka filed a Complaint in Assumpsit against Defendants.  Following the filing of Preliminary Objections, Mintaka filed an

_____

[1] Mintaka has filed with this Court an Application for Relief Pursuant to Pa.R.A.P. 123, 1972(a)(5) and 2188, and requesting dismissal of the appeal. Mintaka bases its Application on Defendants' failure to file a designation of the contents of the Reproduced Record.  We deny the Application, and address the merits of the claims raised by Defendants.

Amended Complaint. Subsequently, Mintaka filed a Motion for Summary Judgment, which the trial court granted, in part. The matter was scheduled for a bench trial on March 20, 2019. However, on that date, the parties entered into a Stipulation whereby a verdict was entered against Defendants in the amount of $72,499.03. Mintaka further was directed to file an affidavit of counsel fees within 15 days, after which Defendants were to file a response within 15 days after filing of the affidavit.

Mintaka filed its Affidavit in Support of Counsel Fees on April 4, 2019. Defendants timely filed a Response. Although oral argument on counsel fees was scheduled to take place on May 5, 2019, Defendants filed an appeal on April 22, 2019. This Court ultimately dismissed the appeal based upon Defendants' failure to file post-trial motions. *See Mintaka Fin., LLC, v. Quadix, LLC*, No. 641 MDA 2019 (Pa. Super. filed August 14, 2019) (order).

The trial court rescheduled argument on the outstanding counsel fees issue for October 9, 2019. On that date, Defendants failed to appear. On November 13, 2019, the trial court awarded Mintaka counsel fees and costs in the amount of $16,113.71. On December 13, 2019, the trial court entered Judgment against Defendants, which included counsel fees and costs, in the amount of $88,562.74. On that same date, Defendants filed a Notice of Appeal of the trial court's November 13, 2019, award of counsel fees and costs. This Court dismissed that appeal based upon Defendants' failure to file

a docketing statement. ***See Mintaka Fin., LLC v. Quadix, LLC***, No. 1992

MDA 2019 (Pa. Super. filed January 28, 2020) (Order).

On January 29, 2020, Mintaka filed an Application to Impose a Charging

Lien on Bohanon's transferable interest in Quadix, pursuant to 15 Pa.C.S.A.

§ 8853, and for Supplemental Relief in Aid of Execution pursuant to Pa.R.C.P.

3118. The trial court described what next transpired as follows:

> On January 31, 2020, [the trial court] scheduled a hearing and oral argument for February 24, 2020. On February 18, 2020, Mintaka filed a Praecipe for Writ of Execution. On February 21, 2020, Quadix and Bohanon filed a Motion for Continuance of the February 24, 2020[,] hearing and oral argument. On February 28, 2020, the [trial] court granted Defendants' [M]otion and rescheduled the hearing and oral argument until March 13, 2020. On March 11, 2020, Quadix and Bohanon filed a second Motion for Continuance. The [trial] court granted the [M]otion and rescheduled the hearing and oral argument to March 25, 2020. On March 18, 2020, due to the Covid-19 emergency, the [trial court] rescheduled the hearing and oral argument on May 12, 2020[,] and, subsequently[,] May 19, 2020. On May 19, 2020, Quadix and Bohanon filed a Motion for Continuance[,] which was granted. The hearing and oral argument were rescheduled and ultimately held on May 27, 2020.
>
> Counsel for both parties appeared by telephone for the hearing and oral argument on Mintaka's [A]pplication to [I]mpose a [C]harging [L]ien and [P]etition for [S]upplemental [R]elief in [A]id of [E]xecution. Quadix and Bohanon did not file a response or opposition to [Mintaka's] [A]pplication and [P]etition.

Trial Court Opinion, 12/10/20, at 3-4 (unnumbered).

On August 20, 2020, the trial court granted Mintaka's Application.

Specifically, the trial court imposed a charging lien, pursuant to 15 Pa.C.S.A.

§ 8853, in the amount of $88,562.74. The trial court enjoined Defendants

from "transferring or otherwise disposing of any assets of Quadix," including

amounts on deposit at Artisans' Bank in Delaware. Trial Court Order, 8/20/20,

¶ 2. The trial court granted Bohanon thirty days within which to satisfy the

judgment, after which the Sheriff of Luzerne County was authorized to conduct

a Sheriff Sale of Bohanon's transferrable interest in Quadix, pursuant to 15

Pa.C.S.A. § 8853. Further, upon the issuance of a writ of execution, the trial

court authorized the Sheriffs of Luzerne and Lackawanna Counties to levy

upon assets of Quadix and Bohanon, located at 9 E. Market Street, #A, Wilkes-

Barre, Pennsylvania, and 320 Scott Road, Clarks Summit, Pennsylvania. Trial

Court Order, 8/20/20, ¶¶ 4-5.

Thereafter, Defendants filed the instant timely appeal, followed by a

Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Defendants present the following claims for our review:

1. Whether the trial court erred as a matter of law in the granting of [Mintaka's] Application to Impose a Charging Lien on [Bohanon's] transferable interest in Quadix, [,] pursuant to 15 Pa.C.S.A. § 8853[,] and [its] Petition for Supplemental Relief in Aid of Execution[,] pursuant to Pa.R.C.P. 3118?

2. Whether the trial court committed a plain abuse of discretion in its [] Order [] dated August 20, 2020, imposing a charging lien on [Bohanon's] transferable interest in Quadix pursuant to 15 Pa.C.S.A. § 8853 and [Mintaka's] Petition for Supplemental Relief in Aid of Execution[,] pursuant to [Rule] 3118?

3. Whether the findings of fact and credibility determinations of the trial court were supported by substantial evidence?

Brief for Appellants at 4.

Bohanon first claims that the trial court improperly granted Mintaka's Application to Impose a Charging Lien on his transferrable interest in Quadix. *Id.* at 11. Bohanon argues that, pursuant to the Pennsylvania Uniform Limited Liability Company Act ("PULLCA"),[2] only the economic interests of a member of a limited liability company ("LLC") are transferrable to a nonmember of the LLC, not governance rights. *Id.* at 12. According to Bohanon, the trial court's Order violated PULLCA by entering the following directive:

> 17.    Consequently, pursuant to 15 Pa.C.S.[A.] § 8853(c), [Mintaka] is entitled to have the [trial court] foreclose the charging lien and sell Bohanon's transferrable interest in Quadix [].
>
> 18.    The likely result of the foreclosure and sale of Bohanon's membership interest would enable [Mintaka] to cause Quadix [] to satisfy in full the Judgment using the Quadix [] funds on deposit at Artisans' Bank.

Brief for Appellants at 12 (citation omitted). Bohanon asserts that, because governance rights are not transferrable to Mintaka, a nonmember of the Quadix, Mintaka is not permitted to manage or conduct Quadix's activities or business. *Id.*

Bohanon further asserts that to obtain relief under Pa.R.C.P. 3118 (Supplementary Relief in Aid of Execution), a judgment creditor must establish (1) the existence of the underlying judgment; and (2) property of the debtor subject to execution. Brief for Appellants at 13. Bohanon argues that Mintaka

---

[2] 15 Pa.C.S.A. §§ 8811-8898.

- 5 -

offered no evidence that the property to be executed upon was the property of the debtors, and subject to execution. *Id.* at 14.

A grant of relief by a trial court under the authority of Rule 3118 is reviewed for an abuse of discretion. *Kaplan v. I. Kaplan, Inc.*, 619 A.2d 322, 325 (Pa. Super. 1993).

Although Bohanon claims that the trial court erred in transferring more than an economic interest in Quadix, Bohanon ignores the fact that he is the sole owner and member of Quadix. As set forth in 15 Pa.C.S.A. § 8853(f), when a court orders the foreclosure of a charging order lien against the sole member of an LLC,

(1) the court shall confirm the sale;

(2) the purchaser at the sale obtains the member's entire interest, not only the member's transferable interest;

(3) the purchaser thereby becomes a member; and

(4) the person whose interest was subject to the foreclosed charging order is dissociated as a member.

15 Pa.C.S.A. § 8853(f). The comments to this section explain that

[t]he charging order remedy—and, more particularly, the exclusiveness of the remedy—protect the "pick your partner" principle. That principle is inapposite when a limited liability company has only one member. The exclusivity of the charging order remedy was never intended to protect a judgment debtor, but rather only to protect the interests of the judgment debtor's co-owners.

Put another way, the charging order remedy was never intended as an "asset protection" device for judgment debtors. *See Olmstead v. F.T.C.*, 44 So. 3d 76, 83 (Fla. 2010) (recognizing "the full scope of a judgment creditor's rights

with respect to a judgment debtor's freely alienable membership interest in a single-member LLC"); ***In re Albright***, 291 B.R. 538, 540 (Bankr. D. Colo. 2003) (holding that, "[b]ecause there are no other members in the LLC, … the [d]ebtor's bankruptcy filing effectively assigned her entire membership interest in the LLC to the bankruptcy estate, and the Trustee obtained all her rights, including the right to control the management of the LLC"). Accordingly, when a charging order against a sole member is foreclosed, the member's entire ownership interest is sold and the buyer replaces the judgment debtor as the sole member of the limited liability company.

15 Pa.C.S.A. § 5583 cmt. Because Bohanon was the owner and sole member of Quadix, the trial court committed no error when it authorized a transfer/sale of Bohanon's interest in Quadix and its assets. ***See id.***

Regarding Bohanon's argument that Mintaka failed to establish that he is the owner and sole member of Quadix, our review discloses that this fact was established through a judicial admission.

In its Complaint, Mintaka averred that "Bohanon is an individual and the sole member of Quadix, LLC, who resides at … Scott Road, Clarks Summit, PA 18411[.]" Complaint, 5/15/17, ¶ 3. Bohanon and Quadix responded to this averment as follows:

> Paragraph Three (3) is admitted only insofar as [Bohanon] is an adult individual residing in Luzerne County, Pennsylvania. The remaining allegations are conclusions of law to which no response is required on the part of [Bohanon], and are therefore denied, and if relevant, strict proof thereof is demanded at trial. By way of further answer and defense, Defendants incorporate herein their New Matter.

Answer and New Matter, 8/14/17, ¶ 3. In their New Matter, Defendants did not aver additional members of Quadix. ***See id.***

As our Rules of Civil Procedure provide,

[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.

Pa.R.C.P. 1029(b).

While averments of fact require a denial, conclusions of law do not compel a response. A legal conclusion is a statement of a legal duty without stating the facts from which the duty arises. A statement of the existence of a fact could be a legal conclusion if the fact stated is one of the ultimate issues in the proceeding.

**Rohrer v. Pope**, 918 A.2d 122, 129 (Pa. 2017).

Mintaka's averment regarding the ownership of Quadix, and Bohanon's status as sole member and owner of Quadix, is an averment of fact. As such, Bohanon and Quadix were required to file a responsive pleading with specific denials. **See** Pa.R.C.P. 1029(b). Their failure to do so constituted an admission of that fact.[3] **See id.** Thus, we cannot grant Defendants relief on their first claim of error.

In their second claim, Defendants argue that the trial court improperly relied on the unsupported allegations of Mintaka. Brief for Appellants at 14. According to Defendants, the relief sought by Mintaka was supported solely

---

[3] Our review further discloses that, in its Application to Impose a Charging Lien and for Supplemental Relief in Aid of Execution (the "Application for Relief"), Mintaka again averred that, Bohanon "is the sole member of Quadix, LLC." Application for Relief, 1/29/20, ¶ 9. Bohanon and Quadix failed to dispute, or even respond to the averment. Again, Defendants' failure to respond to this averment results in an admission of the fact that Bohanon is the sole owner and member of Quadix. **See** Pa.R.C.P. 1029(b).

by the Affidavit of Matthew Jacobs ("Jacobs"), described as the "Senior Paralegal for Orion First Financial, LLC, servicer for Mintaka []." *Id.* Defendants assert that, because they only dealt with the original lender, BSB Leasing, Inc., Mintaka failed to prove how Jacobs could have personal knowledge in this matter. *Id.* at 14-15.

Defendants further assert that the records submitted by Jacobs were not subject to cross-examination, and that the records custodian was out-of-state, and beyond the reach of a Pennsylvania subpoena. *Id.* at 15. Defendants contend that they have denied the authenticity of the documents provided by Mintaka. *Id.*

Our review of the record discloses that Defendants did not raise this claim in their Pa.R.A.P 1925(b) Concise Statement.[4] Accordingly, it is waived. *See Krebs v. United Refining Co. of Pa.*, 893 A.2d 776, 797 (Pa. Super. 2006) (recognizing that any issue not raised in a statement of matters complained of on appeal is deemed waived).

To the extent that Defendants' claims implicate the validity of the underlying Judgment, we observe the following. The predicates to Rule 3118 relief are (1) the existence of an underlying judgment, and (2) property of the

---

[4] In their Concise Statement, Defendants generally averred, *inter alia*, that the trial court erred in dismissing their Preliminary Objections and that the Complaint was defective because it failed to allege that the debt was created by an entity not registered or authorized to do business in Pennsylvania. Concise Statement, 5/15/19, at ¶¶ 1-2. These claims do not implicate the claim now raised by Defendants.

debtor subject to execution. *See* Pa.R.C.P. 3118. "To require the trial court to delve into the *validity* of the judgment, even where the debtor alleges facial errors, is to require too much." *Kaplan*, 619 A.2d at 326 (emphasis added). Thus, we will not delve into the validity of the Judgment against Defendants. *See id.*

In their third claim, Defendants argue that the "findings of the trial court are not supported by competent evidence." Brief for Appellants at 16. In support, Defendants argue that "the trial court's August 20, 2020 [*sic*] is not plausible, and [the Superior Court] can clearly reverse the [trial] court's decision based upon erroneous findings of fact to prevent manifest injustice." *Id.* Defendants additionally state that the trial court erred in failing to find that Mintaka "did not meet its burden to pro[ve] by credible, clear and definitive proof." *Id.* at 17 (citation and internal quotation marks omitted).

Defendants fail to identify which findings it challenges as unsupported by the record, or the burden of proof not met by Mintaka. Defendants fail to provide discussion supporting such claim, or citations to relevant and pertinent authorities. As such, we deem this claim to be waived. *See* Pa.R.A.P. 2119(a) (requiring an appellant to support his argument with "such discussion and citation of authorities as are deemed pertinent."); *see also In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (stating that "[t]he argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent

- 10 -

authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority." (internal citations and quotation marks omitted)); ***Commonwealth v. Spotz***, 18 A.3d 244, 281 n.21 (Pa. 2011) (recognizing that without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development").

Application for Relief denied. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/19/2021