

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2004

# Savitsky v. Mazzella

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3745

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Savitsky v. Mazzella" (2004). *2004 Decisions.* Paper 874.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/874

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 02-3745
_____

ROBERT SAVITSKY

v.

LOUIS MAZZELLA;
ANNE MAZZELLA, h/w

Louis Mazzella,

Appellant

_____

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 89-cv-06314)
District Judge: Honorable James T. Giles

_____

Submitted Under Third Circuit LAR 34.1(a)
DECEMBER 15, 2003

Before: ROTH, MCKEE, AND ROSENN, CIRCUIT JUDGES

(Filed  April 6, 2004)
_____

OPINION
_____

ROTH, Circuit Judge

This matter arises from a civil action pursued in the United States District Court

for the Eastern District of Pennsylvania by Robert Savitsky against Louis Mazzella. The background facts of this case are well-known to the parties, and we will only briefly revisit them here. In the 1980s, Mazzella was the sole shareholder of a property and casualty insurer, Colonial Assurance Company. At that time, Savitsky was an examiner for the Pennsylvania Insurance Department. Mazzella filed suit against Savitsky, alleging, *inter alia*, that Savitsky examined Colonial Assurance Company, engaged in inappropriate conduct as an examiner, and erred in his report to the Insurance Commissioner. Mazzella did not prevail in that action. Savitsky then filed this suit against Mazzella for wrongful use of civil proceedings. Following a jury trial in 1991, Savitsky obtained a judgment in the amount of $90,000. This Court affirmed the judgment (C.A. No. 91-1835).

In August, 2002, Savitsky filed a Motion for Supplementary Relief in Aid of Execution, pursuant to Rule 69 of the Federal Rules of Civil Procedure and Rule 3118 of the Pennsylvania Rules of Civil Procedure.[1] In his motion, Savitsky alleged that Mazzella

---

[1] Rule 3118, titled "Supplementary Relief in Aid of Execution," provides:

   (a)    On petition of the plaintiff, after notice and hearing, the court in which a judgment has been entered may, before or after the issuance of a writ of execution, enter an order against any party or person

       (1)    enjoining the negotiation, transfer, assignment or other disposition of any security, document of title, pawn ticket, instrument, mortgage, or document representing any property interest of the defendant subject to execution;

       (2)    enjoining the transfer, removal, conveyance, assignment or other disposition of property of the defendant subject to execution;

       (3)    directing the defendant or any other party or person to take such

is the sole owner of all shares of stock in Colonial Investment Company, a Pennsylvania corporation, and that the stock was originally possessed by Mazzella, or on his behalf, in Pennsylvania. Savitsky further alleged his belief that Mazzella has an ownership interest in other securities and that the securities have been secreted, in part, to avoid execution. Also, Savitsky alleged that the judgment obtained in 1991 has been registered with the United States District Courts for the Southern District of Florida, the District of Connecticut, the Central District of California, the Southern District of New York, the Southern District of California, and the District of New Jersey.

The District Court granted relief, initially ordering that Mazzella is:

1. Enjoined from conveying, transferring, liquidating, encumbering, concealing, or selling any certificated and uncertified shares of stock, bonds or other securities in which he has an interest;
2. Ordered to provide plaintiff's counsel, within 7 days hereof a list of the holders identities, quantities and location of all certificated and uncertified shares of stock, bonds and other securities in which he has an interest, the locations of the same and the identities and capacities of any holders thereof, other than himself;

---

action as the court may direct to preserve collateral security for property of the defendant levied upon or attached, or any security interest levied upon or attached;

(4) directing the disclosure to the sheriff of the whereabouts of property of the defendant;
(5) directing that property of the defendant which has been removed from the county or concealed for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution; and
(6) granting such other relief as may be deemed necessary and appropriate.

3

and

3.    Ordered to deliver to the United States Marshal for this District within 20 days hereof, with appropriate endorsement, all said securities in his control or possession, including but not limited to Colonial Investment Company, together with a copy of this order, and said Marshall is directed to accept the same.

Upon Mazzella's petition to reconsider the order, the District Court held a hearing.[2]  After hearing argument by the parties, the District Court orally amended the third paragraph of the order only, directing Mazzella to surrender to the United States Marshal for the Eastern District of Pennsylvania all property found within the district that is solely owned by Mazzella.  The motion was otherwise denied.  Mazzella appeals the District Court's orders.

We have jurisdiction over this appeal of an order relating to post-judgment execution.  See 28 U.S.C. § 1291; Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc., 998 F.2d 145, 149-50 (3d Cir. 1993).  Rule 69 of the Federal Rules of Civil Procedure governs proceedings in aid of execution and directs that such proceedings shall take place in accordance with the state in which the District Court sits–Pennsylvania, in this case–except that any federal statute governs to the extent that it is applicable.  Pennsylvania Rule 3118 permits summary proceedings in aid of execution in order to

---

[2] Mazzella's former counsel withdrew his appearance after Savitsky's motion was filed, and present counsel did not enter an appearance until the day of the District Court's order.  The District Court initially denied Mazzella's petition for reconsideration, but on the same date, the District Court ordered a hearing on the petition.

maintain the status quo as to the judgment debtor's property, and it is limited to property solely owned by the judgment debtor. Greater Valley Terminal Corp. v. Goodman, 202 A.2d 89, 92, 94 (Pa. 1964). We review the District Court's granting of relief in aid of execution for an abuse of discretion. See Marshall Ruby & Sons v. Delta Mining Co., 702 A.2d 860, 862 (Pa. Super. 1997). We may affirm on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Mazzella's arguments focus on the application of Rule 3118; he asserts that the District Court was bound by the parameters of that rule because Savitsky's motion specifically cited that basis for relief. Mazzella contends that the District Court abused its discretion in granting the relief sought by Savitsky because Rule 3118 is not intended to be a discovery device (there being other specific state court rules governing discovery in aid of execution), because Rule 3118 applies only to afford relief regarding property found within the jurisdiction of Pennsylvania, and because Rule 3118 applies only to afford relief regarding property solely owned by Mazzella.

We will affirm. First, regarding Mazzella's argument that the discovery provision in the order exceeds Rule 3118's limitations and that the District Court was constrained by the bounds of Rule 3118, we note that Savitsky's motion was brought pursuant to Federal Rule of Civil Procedure 69, as well as under Rule 3118. Rule 69 provides, in part, that "in aid of the judgment or execution, the judgment creditor. . . may obtain discovery from any person, including the judgment debtor, in the manner provided in

5

these rules or in the manner provided by the practice of the state in which the district court is held." Second, Mazzella's argument that the District Court abused its discretion in ordering relief affecting property outside of Pennsylvania, based on Chadwin v. Krouse, 386 A.2d 33 (Pa. Super. 1978), is unpersuasive. The holding of that case concerned the erroneous summary compulsion of the judgment debtor to bring property from outside the state within the state to be delivered to the sheriff or made available for execution. The District Court's order, as amended at the hearing on Mazzella's motion for reconsideration, is not inconsistent with Chadwin or with Rule 3118's purpose of maintaining the status quo regarding a judgment debtor's property.

Finally, we reject Mazzella's argument that the District Court abused its discretion in ordering relief affecting property not solely owned by Mazzella. The case Mazzella cites in support, Stop 35, Inc. v. Haines, 543 A.2d 1133 (Pa. Super. 1988), is distinguishable on its facts. Stop 35 involved the (improper) use of Rule 3118 by the judgment creditor of a debtor-husband to adjudicate the title to property once held by the husband and wife as tenants in the entirety, where the judgment creditor had only a potential lien against the entireties property based upon the debtor-husband's contingent expectancy to survive the wife and gain sole ownership. Based on the record before us, the situation here is not congruent with that in Stop 35, and we conclude that the District Court acted within its discretion to structure the order as it did.

We have considered all of Mazzella's arguments and find them unpersuasive. We

6

conclude that the District Court did not abuse its discretion in this matter. Accordingly, we will affirm the District Court's order, as modified at the hearing held on September 24, 2002.

_____